JOHN S. BRUGMAN, Appellant, v. SOPHIE J. BLOOMER et al., Appellees.

SOPHIE J. BLOOMER et al., Appellees, v. JOHN S. BRUGMAN et al., Appellants.

No. 46416.

MARCH 7, 1944.

REHEARING DENIED MAY 6, 1944.

814

Thompson & Thompson, of Muscatine, for appellant.

Allbee & Allbee, of Muscatine, for appellees.

WENNERSTRUM, J.—Plaintiff brought an action to quiet title to the entire portion of an abandoned railroad right of way, 200 rods long and 100 feet wide, which contains 7.6 acres. This abandoned right of way lies between the plaintiff's land on the north and certain defendants' land on the south of it. The answering defendants denied plaintiff's ownership to the entire tract involved in this litigation, and in a cross-petition asked that their title be quieted to that part of the abandoned right of way lying south of the center line of it. The trial court entered a judgment and decree quieting the title to the north half of the right of way in the plaintiff and the south half thereof in the answering defendants. The plaintiff has appealed.

The two original deeds conveying the right of way to the Muscatine Western Railway Company, the original grantee for right-of-way purposes, are the same except for minor variances and are, in part, as follows:

"* * * do by these presents give, remise, release, convey and quit claim to the said Muscatine Western Railroad Company for the purpose of constructing a railroad thereon, and for all the uses and purposes connected with the construction and use of said road, the right of way for said railroad over and through the following described tract, piece or parcel of land situated lying and being in the County of Muscatine and State of Iowa, bounded and described as follows: * * *

"To HAVE AND TO HOLD the land above described, with the appurtenances unto said Muscatine Western Railroad Company, and their assigns, forever, for any and all uses in any way connected with the construction, preservation, occupation, operation and enjoyment of said railroad; Provided, However, that if the said Muscatine Western Railroad Company, or their assigns,

shall at any time hereafter cease permanently to use said road, so to be constructed, and the same shall be abandoned, or the route thereof changed so as not to be continued over said premises, then and in that case the land hereby granted shall revert to the said grantor his heirs or assigns."

The railroad right of way was abandoned by the Chicago, Rock Island & Pacific Railway Company, a subsequent grantee of the original holder of the right of way here in controversy. This abandonment occurred in 1939. At that time the appellant entered into possession of this land. We are not concerned with whether the land in question has been abandoned for the necessary time required by statute (section 7862, 1939 Code), in that the Chicago, Rock Island & Pacific Railway Company, the last railroad holder of the right of way, filed in the trial court a disclaimer of any interest in the land involved in this action.

After the conveyance of the right of way to the original railroad grantee, subsequent conveyances affecting the land through which this right of way passed described the land conveyed, with the added statement, "excepting the Right of way of the Railway Company." A subsequent conveyance of the land that was south of the railroad right of way described the land conveyed as follows: "* * * lying South of the Right of Way of the Burlington, Cedar Rapids & Northern Railway Company * * *," and in subsequent conveyances relative to the land north of the right of way, the description is, in part, as follows: "* * * lying north of said railroad right of way."

The question which is presented for our determination is whether the appellant, the present owner of the land to the north of the abandoned right of way, is entitled to the entire tract. The present owner of the land south of the right of way only claims that portion lying south of the center line of the abandoned right of way. As heretofore stated, the trial court divided the land, giving that part north of the center line of the right of way to the owner of the land north of it and that portion of the abandoned right of way south of the center line to the landowner holding the land on the south. This decision of the trial court, which has Biblical authority as a precedent (I. Kings, 3:25), did not satisfy the landowner to the north.

Section 7862 of the 1939 Code provides that the right of way

of an abandoned railroad "shall revert to the persons who, at the time of the reversion, are owners of the tract from which such right of way was taken." See, also, section 7861, 1939 Code.

In our recent case of Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 572, 1 N. W. 2d 721, 727, speaking through Bliss, J., we said:

"The meaning of the word 'revert,' both by derivation and everyday use is clear. It means to turn back, to return to."

Our study of the several deeds involved in this litigation does not permit us to reach the conclusion that the appellant is entitled to the entire abandoned right of way. We have only to follow the statutory guide heretofore quoted to determine that the land to the north of the center line of the right of way should revert to the owner of the tract from "which such right of way was taken" and that the land to the south of the center of the highway should also revert to the tract "from which such right of way was taken." It should be kept in mind that the original right of way was taken from lands which were originally owned by parties holding title to land on both sides of the right of way. In subsequent conveyances title to the land on the two sides of the right of way passed to different owners.

In the case of Keokuk County v. Reinier, 227 Iowa 499, 503, 288 N. W. 676, 678, in discussing the features involved in that case, we said:

"The deed, in the case before us, is not a straight fee simple conveyance, but the strip of land was conveyed to the railroad company, 'to have and to hold for all purposes incident and necessary to the construction and operation of a railroad and telegraph line or lines thereon.' The grant was limited to a specific purpose, and that purpose having been abandoned, all right, title, and interest of the railroad in and to the land was thereby divested. It is our holding that the deed conveyed nothing greater than a right of way across the 40 acres for the purpose specified in the deed, and that after the abandonment, the deed of the Minneapolis and St. Louis Railroad Company conveyed nothing to the appellant, Guy Reinier, since the fee title to the land had previously reverted to the plaintiff, under the said Code section 7861.

"Our decision is based upon the provisions of this particular deed, but in interpreting it, and deeds of a like kind, given by the landowner when he has no choice in the matter, since the land can be taken by condemnation, if he refuses to convey it, we feel that such liberal construction should be given as will effectuate the intention of the parties, and fully protect the rights of the grantor and his assigns."

We see no necessity of making an extensive review of our several cases involving the question of reversion of an abandoned right of way. We have concluded that common sense and liberal interpretation and construction of deeds such as are presented for our consideration in this appeal can cause us to reach no other decision than we have heretofore announced. However, for a summary of Iowa cases involving the question here presented, see 25 Iowa L. Rev. 685.

We do not deem it necessary to rule on appellees' motion to dismiss, preferring to pass upon this cause on its merits.

It is therefore our conclusion that the trial court was correct in the judgment and decree that it entered, and that it should be affirmed.—Affirmed.

All JUSTICES concur.