**Max Y. HEDRICK, Kenneth E. Hedrick, Plaintiffs-Appellants,**

**Margaret L. Girton, Plaintiff,**

v.

**Luverne O. ZILGE, Defendant-Appellee.**

No. 84–557.

Court of Appeals of Iowa.

March 26, 1985.

Martha Martell of Martell & Butler, Des Moines, Iowa, for plaintiffs-appellants.

Gregory C. Nicholas of Beck, Pappajohn & Shriver, Mason City, Iowa, for defendant-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Plaintiffs, Max and Kenneth Hedrick, appeal a ruling quieting title in an abandoned railroad right of way. The Hedricks argue the trial court should have quieted title to the whole right of way in favor of themselves, instead of splitting the right-of-way down the middle, one-half to each of the contending parties. We affirm.

The facts of this case are not in dispute. The parties agree that the right of way, which was created by condemnation, was an easement for the railroad. *See Hawk v. Rice*, 325 N.W.2d 97, (Iowa 1982). The sole issue on appeal is whether the Hedricks owned the fee underlying the easement.

The trial court decided this issue by referring to the Hedrick's deed. That deed granted the Hedricks all of lots 3 and 4, with three exceptions. The first two exceptions described two parcels of land that are owned by defendant Luverne Zilge. The third exception referred to the railroad right of way.

The Hedricks claimed that the third exception did not deprive them of ownership of the fee underlying the easement, but instead notified them that their fee was subject to an easement. The trial court rejected that claim in a well reasoned opinion. It concluded the term "excepting" was used three times in the Hedricks' deed and should be given the same meaning in all three instances.

On appeal the Hedricks cite more than twenty-five cases from Iowa and various other jurisdictions that they claim support their position on the interpretation of the word "excepting." We believe, however, that under the facts in this case, the trial court's reasoning was sound and should not be disturbed.

The Hedricks also argue that since the railroad only had an easement, someone had to own the underlying fee. They assert the "someone" is themselves. In support of their assertion they note that

the land now owned by Zilge was once part of a common tract of land that was divided by the easement. When the owner of the common tract sold to Zilge's predecessor in interest, ownership was only granted up to the boundary of the easement. The Hedricks thus claim that the owner of the common tract retained title to the fee underlying the easement, and that the title eventually passed to them.

While this argument appeals to our common sense, it is not legally sound in light of Iowa precedent. In *Brugman v. Bloomer*, a case involving facts nearly identical to this case, the supreme court refused to find that the deeds entitled one of the parties to regain the entire right of way. 234 Iowa 813, 816, 13 N.W.2d 313, 314 (1944). The right of way was divided between the parties at its center line. *Id.* We must therefore affirm the trial court.

AFFIRMED.