THE INDEPENDENT DISTRICT OF OAK DALE V. SARAH FAGEN, *et al.*, Appellants.

**Adverse Possession:** SCHOOL DISTRICT. Actual adverse possession of land by a school district for ten years, under a claim of absolute ownership, creates a title by prescription, which will support an action to quiet title.

SAME. Code, sections 1827, 1825, provide that where a school district shall cease to use land for school purposes for two years, the title shall revert to the owner of the fee upon payment by him of the purchase price and the value of the improvements. *Held,* that where one has neither paid nor tendered the purchase price, nor the value of the improvements, he is not entitled to the land.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, MAY 22, 1895.

Action in equity to quiet in the plaintiff the title to certain real estate. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal.— *Affirmed.*

*C. E. Hunn* for appellants.

*J. K. Macomber* and *A. A. McLaughlin* for appellee.

Robinson, J.—The plaintiff is a corporation of Polk county, organized and existing for school purposes. It claims to be the owner of certain real estate, which is particularly described, and which is commonly known as Oak Dale schoolhouse and lot. The lot was once owned by Hezekiah Fagen, who died in the year 1865. The plaintiff claims that it was purchased by a predecessor of the plaintiff in the year 1861 or 1862, and that it has been used and occupied for schoolhouse purposes since that time. The defendants deny the alleged ownership by the plaintiff, and claim ownership of the property as heirs of Hezekiah Fagen.

I.   The district township of Walnut, in the county of Polk, was divided prior to the year 1862, and the district township of Valley was created from a part of its territory. In March of that year a settlement between the two districts was effected. The meeting of the representatives of the districts held for that purpose was attended by Mr. Fagen, who sought to obtain payment for the schoolhouse site in question. The evidence in regard to what was done is neither full nor clear, but it appears quite satisfactorily that one of the districts had agreed to purchase the site; that Mr. Fagen was owing taxes to the amount of one hundred and forty-five dollars and sixty cents; that he surrendered the lot for the taxes; and that the lot was retained by the district township of Valley. No formal conveyance of the lot is shown, but possession of it was taken and held by the district last named until about the year 1878, when it was reorganized as the independent district of Oak Dale. At the time the lot passed into the possession of the district township of Valley, there was a small building on it, which was used as a schoolhouse for a time, and then

a larger building was erected and used for that purpose. The occupation and use of the lot for school purposes by the district township and by the plaintiff were continuous from the year 1861 until two years before this action was commenced. It does not appear that during that time any claim to the property adverse to the plaintiff or its predecessor was made by any one. A large schoolhouse having been erected near the lot, it has not been needed for school purposes nor used for any purpose since the year 1889, but has not been otherwise abandoned by the plaintiff. A school district of this state is a body corporate, with power to acquire and hold real estate for schoolhouse sites. Code, sections 1716, 1825. The evidence in this case shows beyond question, and without conflict, that the lot in controversy was occupied and used by the district township of Valley and by the plaintiff, openly, continuously, and exclusively, for nearly thirty years, and that the occupation and use were adverse, and for purposes authorized by law. It is claimed that Fagen merely permitted the use of the property for school purposes, without any intent to transfer an absolute title to it. Although there is but little direct evidence to that effect, the only reasonable conclusion which can be drawn from the evidence in the case is that the occupation by the district was under a claim of absolute ownership. Hence, even if it were true that the property was not sold by the deceased to the district township, the use and occupation of it which we have stated were sufficient to give to the plaintiff a perfect title as against the defendants. Actual adverse possession of real estate for ten years under a claim of absolute ownership creates a title by prescription, not merely for defensive, but for all practical purposes, upon which an action to quiet the title may be maintained. *Cramer*

*v. Clow*, 81 Iowa, 257; *Quinn v. Quinn* 76 Iowa, 565; *Stevenson v. Polk*, 71 Iowa, 286.

II.   Section 1827 of the Code provides for the obtaining of schoolhouse sites by school districts when the owners neglect or refuse to grant them, or when they cannot be found.   The next section contains the following:  "The title acquired by said school-districts in and to said real property shall be for school purposes only, and in case the same should cease to be used for said purpose for the space of two years, then the title shall revert to the owner of the fee, upon the repay-ment by him of the principal amount paid for said land by said districts, without interest, together with the value of any improvements thereon erected by said districts."   It is claimed that, under this provision, the title to the property in ques-tion has reverted to the defendants, for the reason that it has not been used for school purposes for more than two years.   If it be true, as claimed by the appellants, that the provision applies to sites obtained through a sale by the owner voluntarily made, as well as by con-demnation proceedings,—a question we do not decide, —it does not follow that the defendants are entitled to recover in this action.   The title in question would not revert to them, in any case, before the payment to the plaintiff of the principal amount, if any, paid for the property, together with the value of the improvements erected thereon by the district.   The defendants have neither paid nor tendered anything to the plaintiff on account of this property, and for that reason, if for no other, cannot recover.   It is not necessary to determine whether the plaintiff has ceased to use the property for school purposes, within the meaning of the statute.

We conclude that the decree of the district court is fully sustained by the evidence, and it is *affirmed*.