INDEPENDENT SCHOOL DISTRICT OF DES MOINES, Appellee, v. ELISHA W. SMITH et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Abandoned School Sites—
1 **Vested Interest.** A statute providing that an abandoned schoolhouse site shall revert to the owner of the tract from which it was taken creates no vested interest in any person, and the legislature may, prior to an abandonment, change the statute, and provide for a different disposition of the property.

**SCHOOLS AND SCHOOL DISTRICTS:** Power to Convey School Site.
2 A city independent school corporation, holding title to a schoolhouse site by full warranty deed, may abandon such site for school purposes, and, by pursuing the course provided by statute, convey full title to its grantee. (See Secs. 2749, Code, 1897, and 2816, Code Supp., 1913.)

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF, Judge.

FEBRUARY 8, 1921.

SUIT to quiet title in plaintiff to certain property used by it for school purposes. The defendants named were the original grantors of the property. The petition and notice were also addressed to unknown defendants and to unknown minor defendants. A guardian ad litem, duly appointed by the court, defended for the unknown minor defendants. A taxpayer also intervened, resisting the claim of the plaintiff. The trial court entered decree finding the plaintiff to be the absolute owner of the real estate described in the petition. The intervener and guardian ad litem have appealed.—*Affirmed.*

*Nesbitt & Johnston* and *Clifford V. Cox*, for appellants.

*Roy E. Cubbage*, for appellee.

EVANS, C. J.—The plaintiff, an independent school district, acquired the real estate described in its petition for school purposes, and has occupied and used the same for such purposes ever since. It consists of one half of a city block, and is occupied by a large school building, which is now used as such. The plaintiff district is extensive in its area, comprising the entire city of Des Moines. It has, therefore, many school properties in many localities. The shifting of school population has been such in recent years as to render the location of the school property involved herein highly inconvenient, and the school population now served by such school property is far below its capacity. At the same time, the business area of the city has so extended itself toward and about this particular property as to render the property valuable in the market for commercial uses. It is the tentative purpose, therefore, of the school board to dispose of this property, and to use its proceeds for school purposes to better advantage than the use of the property itself now affords. Its power to so dispose of it has been questioned. This has created a cloud upon its title, which will necessarily affect the market value of its property rights.

The plaintiff acquired its property by purchase and by warranty deed, with full covenants, these being three in number, and executed in the years 1865, 1866, and 1867, respectively. Since that time, the so-called "reversion statute" was enacted, substantially in the form in which it appeared as Section 1828 in the Code of 1873. This was later amended to the form in which it appears as Section 2816 of the Code of 1897; and still later amended to the form in which it appears as Section 2816 in the Code Supplement of 1913. In its present form, it is as follows:

"*In any school district wholly outside any city or incorporated town*, in the case of nonuser for school purposes for two years continuously of any real estate acquired for a schoolhouse site it shall revert, with improvements thereon, to the owner of the tract from which it was taken, upon repayment of the purchase price without interest, together with the value of the improvements, to be determined by arbitration, and upon such payment the school corporation shall make formal conveyance to such owner. During its use the owner of the right of re-

version shall have no interest in or control over the premises."

We have italicized above the clause constituting the later amendment. In all other respects, this section is in the same form as it appeared in the Code of 1897. Under the Code of 1873, the reversion provided for inured to the benefit of the "owner of the fee;" whereas, under the present statute, it inures to the benefit of the "owner of the tract" from which the schoolhouse site was taken.

I.   One of the questions raised by the appeal is whether this "reversion statute" created a vested interest in any beneficiary, so as to divest the legislature of the power to repeal the reversion statute or to amend it and direct other disposition. In *Waddell v. Board of Directors,* 190 Iowa 400, we held that it did not, and that the reversioner named in the statute took by statutory grace, and not as a matter of vested right. We said:

1. SCHOOLS AND SCHOOL DISTRICTS: abandoned school sites: vested interest.

"So far as disclosed, no right arose to anybody out of the conveyances, except to the school corporation. As to the parties who might ultimately become entitled to a reversion under the provisions of the statute then existing, no right then vested. The legislature could thereafter have repealed the provision for reversion, without violating the rights of anyone. It could have again enacted different provisions pertaining to reversion, without violating the rights of anyone. In other words, no one then had a vested right in the future operation of the statute. When the rights of these claimants finally vested by nonuser, they took even then by statutory grace, and not by any right outside of the statute."

We need not repeat the argument. We hold that there was no impediment in the way of the legislature to amend the statute, and that the rights and duties of the school corporation are to be determined under the statute now in force.

II.   A further question presented by the appeal is: If the school district should now cease to use the property in question for school purposes, will it thereby forfeit its title thereto, or will it subject it to the right of a reversioner to take the same on the terms stated in the reversion statute? It is doubtless a sufficient answer to this query to say that the revision

2. SCHOOLS AND SCHOOL DISTRICTS: power to convey school site.

statute in its present form creates no right in favor of any person to take such property upon any terms. We held in the *Waddell* case that it was in the power of the school corporation to purchase from a grantor and to take full title by warranty deed, and that such a conveyance left no vested reversion to the grantor, or to any person claiming through him. It is only necessary to say now that, under the statute in its present form, no person has any interest, vested or contingent, in such school property except the school corporation; nor has any person a vested right of reversion therein. The school corporation by such a conveyance takes a title which is subject to no other limitation than the continuing power of the legislative body over the corporation and its property. The power of the school corporation to hold or to dispose of its property is always to be determined by the present state of legislation, in the absence of vested rights in third persons. If, under existing legislation, the school corporation has power to dispose of its property, and if, in conformity to such legislation, it *does* dispose of it, then it *has disposed* of it. In such a case, we can see no reason why its disposition of its property does not carry to its grantee the complete title which it itself had. Under the present state of the law, this school corporation does have power, pursuant to specified statutory methods, to dispose of its property. As to what it may do hereafter with the fruits of its disposition, it will be subject to the same supervision of legislation as it· is in the exercise of any other statutory power. It is natural equity that the financial benefit of such disposition shall, so far as possible, inure to those who bore the burden of its acquisition; and such is the natural result of permitting the school corporation to use for school purposes the proceeds of the disposition of such property in lieu of the property itself. In brief, we see nothing in the present state of legislation that should be deemed a cloud upon the title of plaintiff to its property, or that challenges its power to dispose of the same by proper statutory course. The decree of the district court will, accordingly, be affirmed.—*Affirmed.*

WEAVER, PRESTON, and STEVENS, JJ., concur.

DE GRAFF, J., took no part.