LEWIS L. SMITH, SR., Appellant, v. GEORGE MARESH et al., Appellees.

No. 44542.

MARCH 7, 1939.

REHEARING DENIED JUNE 23, 1939.

D. C. Nolan, R. C. Davis, and G. A. Schlaegel, for appellant.

H. J. Ries and D. C. Dutcher, for appellees.

MILLER, J.—Appellant, as a taxpayer, sought to enjoin appellees, as officers and directors of a school district, from entering into a contract for the construction of a high school or any other improvement upon a certain tract of 29.1 acres. The injunction was denied and an appeal was perfected to this court.

The tract of 29.1 acres is within the limits of the school district but outside the corporate limits of Iowa City. It was acquired by various purchases. No condemnation proceedings were had. The money, paid for such conveyances, was, in each instance, taken from the schoolhouse fund. The purchases were made in 1931 and 1935.

In August 1935, an election was held to authorize bonds for a new high school. The proposition failed to secure an affirmative vote of 60 percent. Another similar election was held in May 1936, with the same result.

In October 1937, the school district received an offer from the Federal Emergency Administration of Public Works to make a grant of 45 percent of the cost of a new high school, the grant not to exceed $326,250. The offer required acceptance within 14 weeks, completion of the project within 15 months from commencement of construction, and demolition of two old buildings. The offer was accepted and a special election called for November 4, 1937.

At the special election two propositions were presented: First, to authorize a bond issue of $398,750 to supplement the federal grant and erect a high school building at a total cost of not to exceed $750,000; second, to authorize a bond issue of

$90,000 for a new site for the building. The vote on the first proposition was 2,313 yes, 799 no, and on the second, 1,536 yes, 1,401 no.

On December 11, 1937, the school board designated the 29.1-acre tract, involved herein and known as the Morningside site, as the location and site upon which to erect the new high school. An appeal was taken from such decision to the county superintendent, who, on January 27, 1938, affirmed the decision. No appeal was taken from the decision of the county superintendent.

In the meantime, on January 12, 1938, the school bonds were issued and sold. An architect was engaged, who undertook to prepare plans and specifications, two grading contracts were let, and the director for the PWA fixed the project completion date as April 4, 1939.

On January 19, 1938, appellant commenced this suit by serving his original notices and filed a petition. On February 10, 1938, the court sustained a motion to require appellant to separate and divide his causes of action. Pursuant thereto, on February 15, 1938, an amended and substituted petition was filed. Only one count is presented by the record herein. In it, the only defendants named are the appellees, who include the president and secretary and the members of the board of directors of the school district. The Independent School District of Iowa City, Iowa, is not a party. The only relief sought is against the individual appellees, as such officers and directors, to enjoin them from entering into any contract for the improvement of the 29.1-acre tract, or expending money of the district upon said premises.

The theory upon which appellant seeks such injunctive relief is that, under the provisions of section 4361 of the Code, the school district cannot acquire a tract of more than two blocks and five acres, for a schoolhouse site; that the tract of 29.1 acres exceeds the limit fixed by statute; that the school district has acted illegally and, because thereof, in fact does not have valid title to any part of the 29.1-acre tract; that, since the school district does not own the premises appellees are undertaking to improve, appellees should be enjoined from expending funds of the school district for such improvement. Counsel for appellant frankly recognize that this theory can be

upheld only if this court determines that the claimed title of the school district to the 29.1-acre tract is void in its entirety.

Appellant, as a witness, frankly stated that his real objection to the project is the location of the site. It is on the extreme eastern edge of the district. He contends that the high school should be centrally located. He would oppose a site at the western edge, or the northern edge, or the southern edge of the district as readily as one at the eastern edge.

██ At the outset, appellant is faced with our holding in the case of Munn v. Independent School Dist., 188 Iowa 757, 768, 176 N. W. 811, wherein we held that the determination of the location or site of a new high school is within the power of the school board, the proper remedy is by appeal, and the decision cannot be controlled by injunction. Under the record herein, an appeal was taken to the county superintendent who affirmed the board. No further appeal was undertaken. We cannot review that decision herein.

The only theory, upon which appellant might now block the project, would have to be bottomed on the premise that the school district had no title to any part of the 29.1-acre tract appellees are undertaking to improve. The record does not support appellant's contention.

██ The school district has general power to acquire and hold property for its legitimate purposes. Sec. 4123 of the Code. This statute would authorize the school district to acquire real estate for a school site. Independent Dist. v. Fagen, 94 Iowa 676, 63 N. W. 456. Code section 4361 also authorizes a school district to take and hold real estate for a school site. The trial court held that the latter section applies only to acquisition of title by condemnation. This tract was shown to be acquired by purchase. The court held that title was acquired under authority of section 4123 of the Code and, therefore, that the limitations of section 4361 did not apply. It is not necessary for us to decide that question.

██ Even under appellant's theory the school district had power to acquire two blocks and five acres for the school site. Were we to assume this, the fact that the district acquired 29.1 acres would not render its title absolutely void. It would only be voidable as to the excess. The situation is analogous to the issuance of bonds by a school district in excess of the legal limit.

The bonds are not void in their entirety, but merely voidable as to the excess. McPherson v. Foster, 43 Iowa 48, at page 72, 22 Am. Rep. 215; Thompson v. Independent School Dist., 102 Iowa 94, 70 N. W. 1093.

The proposed building is 640 by 350 feet. This area is less than two blocks and five acres. Under the theory of appellant, the school district had valid title to that much ground. If the title of the school district is defective at all, it is so only as to the excess. Until a proper determination has been made, with the proper parties in court, as to what constitutes such excess, if any, appellant cannot maintain this suit for an injunction on the theory that the district has no title to any part of the tract.

As the fundamental premise, on which appellant bases his cause of action, fails, the alleged cause of action is without merit.

The decree of the trial court must be, and it is affirmed.— Affirmed.

MITCHELL, C. J., and HAMILTON, SAGER, HALE, OLIVER, STIGER, and BLISS, JJ., concur.

RICHARDS, J., dissents.