JOHN SUCK et ux., appellants, v. BENTON TOWNSHIP, BENTON COUNTY, appellee, and CONSOLIDATED SCHOOL DISTRICT OF VINTON, defendant-appellee.

No. 48557.

(Reported in 66 N.W.2d 434)

2 

OCTOBER 19, 1954.

Don Boddicker, of Vinton, for appellants.

Tobin, Bordewick & Fischer, of Vinton, for defendant-appellee.

Kieth Mossman, of Vinton, for appellee.

LARSON, J.—This appeal arose from a condemnation appraisement of a parcel of land sought to be taken by condemnation proceedings. The condemnor, Benton Township, Benton County, Iowa, not knowing which of the claimants was the owner of the land to be taken, named both John and Kathryn Suck, the appellants herein, and the Consolidated School District of Vinton, Benton County, Iowa, the defendant-appellee, as interested parties. We shall refer to John Suck and Kathryn Suck as plaintiffs and the School District as defendant. The plaintiffs, being dissatisfied with the award, appealed to the district court. The School District by order of court was joined in the appeal. Thus the principal issue in the case became the issue as to title to the land involved, and only upon that question was the court's determination sought herein.

The plaintiffs aver that they are the owners in fee simple of the land sought to be condemned and that the defendant has "no right, title or interest" in that land. Defendant denied all such allegations in plaintiffs' petition, and the case was submitted on what purports to be a stipulation of facts. From it and the exhibits placed in evidence, the following situation appears.

The land involved was used as a schoolhouse site for more than fifty years and was used and occupied continuously by the Benton Township School District until October 2, 1946, when the District and its assets were absorbed by the newly-formed Consolidated School District of Vinton, the defendant herein. The defendant operated the school until May 9, 1947, when it advertised and sold the schoolhouse, outbuildings and fences at public auction. Being no longer used for school purposes, at the apparent instance of the plaintiffs' grantors, defendants purported to convey the premises to the plaintiffs by quitclaim deed, but with-

out compliance with the provisions of Code sections 297.15 to 297.19, Code of Iowa, 1954.

The trial court determined as a matter of fact that the defendant and its predecessor obtained and held title to the site for school purposes for many years; that they were also holders of the title after the termination of its use for school purposes; that it could only be disposed of by compliance with prerequisites provided by law, and that since that was not done, defendant remained the title owner of the tract involved. We agree.

I. There is a very strong presumption, when a school district exclusively occupies a tract of land and improves, maintains and uses buildings thereon for school purposes, that such possession is adverse and is under a claim of absolute ownership which will ripen into title by prescription in ten years. Consolidated School District v. Thompson, 194 Iowa 662, 189 N.W. 803; Hanson v. Gallagher, 154 Iowa 192, 134 N.W. 421; Independent District of Oak Dale v. Fagen, 94 Iowa 676, 63 N.W. 456. As to what is required to establish a claim of right generally, see Lynch v. Lynch, 239 Iowa 1245, 34 N.W.2d 485, and cases cited therein.

It is true there was no record of any conveyance of the tract from the record title owner to the school district, but we have held several times that even though no formal deed of conveyance was shown, where it did appear that the district put a schoolhouse on the lot and occupied and used it continuously and exclusively for school purposes for thirty years, no clear intention to the contrary being shown, the only reasonable conclusion that can be drawn is that the occupation by the district was under the claim of absolute ownership. Consolidated School District v. Thompson, supra. That case is strikingly similar to this one. The same title question arose therein and the same factual and legal contentions of reversion, estoppel and abandonment were urged therein. In holding that the school district there had title to the tract of land involved, we said at page 667 of 194 Iowa, and page 805 of 189 N.W.: "That the occupancy by the district was under a claim of right need not be shown by any specific declaration of the occupant's, but may be inferred from the fact of its exclusive possession, making improvements on the property, and by openly and notoriously appropriate acts of ownership over it for ten years or more", citing Hanson v. Galla-

gher, 154 Iowa 192, 196, 134 N.W. 421. That opinion also quoted extensively from our decision in the case of Independent District of Oak Dale v. Fagen, supra, 94 Iowa 676, 678, 63 N.W. 456, 457, where we said:

 "Actual adverse possession of real estate for ten years under a claim of absolute ownership creates a title by prescription, *not merely for defensive,* but for all practical purposes, upon which an action to quiet the title may be maintained." (Italics ours.)

We reaffirmed and quoted from these decisions in our recent case of Lynch v. Lynch, supra, which clearly expresses our views on the subject of title by adverse possession.

The defendant of course obtained all the rights, title and interest of the Benton Township School District when that transfer was completed in 1946, and these decisions are controlling, we think, as to the question of whether or not the Benton Township School District had gained title unrestricted to the school site or tract prior to being absorbed by the Vinton Consolidated School District. This is true even though the plaintiffs in the cited case, as here, maintained possession by the school district was not inconsistent with an easement for school purposes. Nothing in the record indicates a use with a reversion, and under the statute school districts are not restricted to titles with reversions, although a repurchase option provided by statute sometimes is called a reversionary right. Waddell v. Board of Directors, 190 Iowa 400, 408, 175 N.W. 65.

 It may be of some significance that in past conveyances of the record title the tract from which this site was taken, namely the East Half of the Northeast Quarter of a certain Section 31, contained these words: "Subject to schoolhouse rights", "and also except schoolhouse site on the North end of the last above described tract", and "except school site near the Northeast corner thereof." These exceptions seem to indicate that the district was possessing the tract under a claim of right recognized by the record titleholder as far back as October 30, 1879. While the legal description in the exception is defective for the lack of certainty, and would not carry a grant, the recog-

nition of it is clear for the fact is uncontroverted that the site had not changed and was easily determined by the building and fencing placed thereon by the school district over this period of time. An exception in a conveyance does not need the certainty of a grant, to disclose a recognized adverse claim to the grantor's title. 26 C. J. S., Deeds, section 140, page 453; 16 Am. Jur., Deeds, section 300, page 610. Also see Presbyterian Church v. Harken, 177 Iowa 195, 158 N.W. 692.

It is true after the sale of the school building, fences, etc. the defendant did not use the tract for school purposes, and from May 9, 1947, until March 14, 1950, the Vinton School District made no attempt to use or control the property or assert any title thereto. Long prior to this, however, the claim of right had ripened into title, and the claim asserted or not asserted at this time was immaterial. This must have been recognized by plaintiffs for on or about March 14, 1950, the plaintiffs procured a quitclaim deed from the Consolidated School District of Vinton. At that time they also completed the purchase of the farm from which this tract had been taken, from Frank Blazicek and Jeanette Blazicek. These grantors had tendered the plaintiffs a warranty deed to the farm lands, *excepting the school site*, and the same was refused by plaintiffs and final settlement delayed until the quitclaim deed to that school site had been obtained. This gave rise to plaintiffs' contention of estoppel, for they contend that but for the quitclaim deed they would not have purchased and paid for the farm from which this site had been taken. This position is also without merit for reasons set out later herein. We therefore agree with the trial court that the Vinton Consolidated School District had obtained title to this tract through the adverse possession of the real estate by the Benton Township School District.

II. The next interesting question before us is whether or not, when once so obtained, that title can be conveyed, lost or destroyed by unauthorized acts of the school authorities, or whether it is mandatory upon the school district that the provisions of the statutes governing the sale or disposition of the school real estate be followed.

While slightly changed from its original enactment in the Code of 1873, the reversion statute of schoolhouse sites has re-

mained substantially as is now provided. Section 297.15, Code, 1954, provides as follows: "Any real estate owned by a school corporation, situated wholly outside of a city or town, and not adjacent thereto, and heretofore used as a schoolhouse site, and which, for a period of two years continuously has not been used for any school purpose, shall revert to the then owner of the tract from which the same was taken, provided that said owner of the tract last aforesaid shall, within the time hereinafter prescribed, pay the value thereof to such school corporation."

The trial court correctly held that there are but three ways by which the value of such a site may be determined prior to a sale. They are, it said, first, by agreement between the owner of the tract from which it was originally taken and the school district (sections 297.15 and 297.16, Code, 1954); second, by an appraisement secured through the county superintendent of schools, if they cannot agree (sections 297.16 to 297.18, Code, 1954); and third, by the highest bid received at a public auction (section 297.19, Code, 1954).

Neither the plaintiffs nor their grantors have exercised this option under sections 297.15 to 297.18, and the value of the site remains undetermined. Thus the trial court, correctly we believe, found that the attempted conveyance to the plaintiffs of this tract was illegal and ineffective, and that the title to the school site herein remained in the Vinton Consolidated School District and would so remain until disposed of in some legal manner.

Plaintiffs urge, however, that the evidence shows an intentional abandonment of the premises at the time of the sale of the schoolhouse when it announced that it had no "record title" to the tract; also that because of the executed quitclaim deed by its officers, even though not as prescribed by statute, this divested the defendant of its title therein, and that it was now estopped to deny its conveyance because plaintiffs, in reliance upon the quitclaim deed as valid had changed their position, to their detriment. The trial court rightly concluded that these contentions were without merit. Without holding title could ever be obtained by adverse possession against the school district or acts of abandonment could ever divest the school district of title, we hold the showing here of nonuser by the school district for two or three years would be insufficient.

■ We held in the case of Independent School District v. Samuelson, 222 Iowa 1063, at 1067, 270 N.W. 434, 436: "In the instant case we have involved not individuals, but a governmental unit, the independent school district of the town of Ogden, and it seems to be well settled by our decisions that estoppel or waiver will not lie against a governmental unit because of laches or acts of its officers which were without legal authority. County v. Odden, 219 Iowa 793, 259 N.W. 774; County v. Dickey, 86 Minn. 331, 90 N.W. 775; Water Company v. Cedar Rapids, 117 Iowa 250, 90 N.W. 746; McGillivray v. Barton, 96 Iowa 629, 65 N.W. 974, and many other cases that might be cited."

■ That this proposition is sound there can be no doubt. The statutes involved herein are for the public benefit and are mandatory, not merely directory. They provide the simple, easy, just manner of disposing of unused or unneeded school property belonging to the public. It is not an unjust or one-sided right, for either party may commence the action to determine the value of the school property—the school district, or the then owner of the tract from which the site had been taken. See Code section 297.16. Only by proper compliance with these provisions can one obtain property of the district, and one taking title obtained from such a district is dependent upon the legality of that conveyance. This is not at all unusual in conveyances of public property and should cause no confusion in title matters of this kind.

■ Plaintiffs' final contention is that the value was agreed upon under section 297.15 and, although the one dollar consideration was never paid, the consideration might well be that plaintiffs, by taking the site from the district, assumed the potential liability for injury or damage a trespasser might incur on the premises. That this was the agreed value or consideration is indeed a novel argument. The condemnation jury found the damage to be $350. In their appeal plaintiffs asked $1000. We hold there was no agreement as to its value between plaintiffs and defendant, that nothing was paid for the quitclaim deed, and that plaintiffs were not misled or deceived into believing that the transaction by which they received the quitclaim deed was as required under the law.

We find no error, and the judgment of the trial court that the Vinton Consolidated School District was the owner of the

land to be condemned at the date on which this case was brought, September 2, 1952, must be affirmed.—Affirmed.

All JUSTICES concur.