UNIFICATION CHURCH, a/k/a Holy Spirit Association for the Unification of World Christianity, Appellant,

v.

The CLAY CENTRAL SCHOOL DISTRICT a/k/a the Clay Central Community School District in Clay County, Iowa, et al., Appellees.

No. 2–58505.

Supreme Court of Iowa.

May 25, 1977.

Ted Metier, Spencer, for appellant.

Christopher A. Bjornstad, Cornwall & Avery, Spencer, for appellees.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff vendee of school building appeals from summary judgment entered in its quiet title action voiding sale between defendant school district and plaintiff's vendor as contrary to section 297.22, 1973 Code. We affirm.

There are no disputed fact issues. Relative to defendants' motion for summary judgment the parties stipulated that in February 1972 defendant school district decided to sell a vacant school building in the town of Greenville, Clay County, Iowa. Pursuant to the requirements of Code section 297.22, three disinterested freeholders were appointed to appraise the property and did so in the amount of $7420. There-

after the same was advertised and bids requested as mandated by section 297.23. On November 13, 1973 the school board accepted the highest bid from Billie K. Schomaker in the amount of $5005.

They further stipulated that in July 1974 Schomaker and the school district executed a real estate contract relating to the school property which provided, inter alia, that Schomaker was to pay $5005 as the total purchase price and in addition assume all costs of clearing title. The school district agreed to pay $150 for certain repairs. In September 1974 upon payment of the $5005 purchase price, the school board delivered a deed of conveyance to Schomaker.

It was also stipulated that although none of the parties were aware of any irregularities at the time of conveyance, it was later determined the average daily attendance for the 1972–1973 school year was 489.5 and 461.6 students for the 1973–1974 school year.

Schomaker subsequently sold the school property to the Unification Church which instituted the present quiet title action on November 27, 1974 after a dispute arose relating to the school board's compliance with section 297.22 in effecting the sale. That section provides in relevant part:

"The board of directors of other school districts may sell, lease, or dispose of, in whole or in part, any schoolhouse or site or other property belonging to the district of a value not to exceed the following amounts:

" * * *.

"2. Five thousand dollars in school districts which maintain a high school and in which the average daily attendance in the preceding year was more than two hundred but less than five hundred."

"3. Ten thousand dollars in school districts which maintain a high school and in which the average daily attendance in the preceding year was five hundred or more."

After issues were joined, all defendants other than the school district and Schomaker moved for summary judgment on the theory the school board exceeded its statu-

tory authority in selling the school property. Following hearing at which no additional evidence was received, the trial court, based on the stipulated facts, sustained the motion and entered judgment voiding the sale between the school district and Schomaker. From that judgment plaintiff gave proper notice of appeal.

■ I. Several well-settled principles govern our review in determining whether summary judgment was properly entered. A motion for summary judgment may be sustained only where the moving party demonstrates the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Rule 237(c), Rules of Civil Procedure; *Graham v. Kuker*, Iowa, 246 N.W.2d 290, 291; *Meyer v. Nottger*, Iowa, 241 N.W.2d 911, 916. In determining if this burden has been met, we view the circumstances in the light most favorable to the opposing party. *Sand Seed Service, Inc. v. Poeckes*, Iowa, 249 N.W.2d 663, 664; *Steinbach v. Continental Western Ins. Co.*, Iowa, 237 N.W.2d 780, 783. Of course we must examine the entire record which was before trial court when it ruled on the motion. *Sand Seed Service, Inc. v. Poeckes*, supra; *Graham v. Kuker*, supra; *Daboll v. Hoden*, Iowa, 222 N.W.2d 727, 731, 732.

■ II. This is our first occasion to construe the machinations of Code section 297.22. We are guided by the clear purpose of that section as explained in an explanation appended to the bill when it was enacted by the legislature. House Files 56 G.A., H.F. 27, (1955); See 56th G.A., chapter 140, section 2. Of course, in determining the purpose and meaning of a statute we may resort to legislative journals. *Lenertz v. Municipal Court of City of Davenport*, Iowa, 219 N.W.2d 513, 516; *Davenport Water Co. v. Iowa State Commerce Com'n*, Iowa, 190 N.W.2d 583, 595. The explanation states:

> "School boards are not authorized to sell, lease, or otherwise dispose of property of any kind without a vote of the people. Many profitable sales of school property are lost because of the delay caused by this cumbersome procedure.
>
> "This bill provides for sale of property by the school board with limits varying according to the size of the school district after advertising for bids."

Prior to this enactment it is clear the only way the school board could sell or lease real estate was by a regular school election. Section 278.1, 1954 Code. See also *Independent Sch. Dist. v. DeWilde*, 243 Iowa 685, 691, 692, 53 N.W.2d 256, 260, 261.

The stipulation of the facts undeniably establishes that although the appraised value was $7420 and there were fewer than 500 students in average attendance in the district, no election was held or contemplated by sections 278.1 and 297.25. We must therefore determine the effect of noncompliance with section 297.22 on plaintiff's title.

■ It is well established our school sales statutes are mandatory, not merely directory, because such property occupies the status of public property subject to the public interest. *Suck v. Benton Twp., Benton County*, 246 Iowa 1, 8, 66 N.W.2d 434, 438; *Independent Sch. Dist. v. Smith*, 190 Iowa 929, 932, 181 N.W. 1, 2. Also see 68 Am. Jur.2d Schools, section 69 at page 418; 78 C.J.S. Schools and School Districts § 253 at page 1223. Our strict construction reflects the very limited nature of the school board's grant of power. *Independent Sch. Dist. v. DeWilde*, supra.

■ Several Attorney General's opinions have applied this construction to section 297.22. Although opinions of the Attorney General are not binding upon this court and it is our duty to make independent inquiry as to proper statutory interpretations, they are nonetheless entitled to respectful consideration. *Ashby v. School Township of Liberty*, 250 Iowa 1201, 1215, 98 N.W.2d 848, 858; *State v. Garland*, 250 Iowa 428, 434, 435, 94 N.W.2d 122, 126 and citations. The thrust of the series of opinions is that compliance with the specified student attendance and property valuation limitations of section 297.22 are conditions precedent to the authority of the school board to dispose

of property without the vote of the electors. See Op.Ia.Atty.Gen. 348 (1962); Op.Ia.Atty. Gen. 15 (1966); Op.Ia.Atty.Gen. 272, 273 (1966); Op.Ia.Atty.Gen. 427 (1972).

We note that leading authorities on titles have unanimously adopted the position that a failure of a school system to follow mandated statutory procedures voids the attempted sale. 2 Patton on Titles, section 407 at 235–236 (2d Ed.); Marshall, Iowa Title Opinions, section 17.5 at 442–443; 18 McQuillin, Municipal Corporations, section 52.38. Like the trial court, we hold the failure of Clay County School District to follow the statutory procedure invalidates its conveyance.

III. In its brief, plaintiff alleges for the first time it is a bona fide purchaser for value entitled to protection notwithstanding the prior improper transaction between the school district and Schomaker. Contrary to the assertion in its brief, we find no stipulation or record of this issue being raised or decided in the lower court. Since plaintiff has failed to properly plead and prove its status as a bona fide purchaser we need not reach the merits of its arguments in this regard. *Swab v. Appanoose Country Club*, Iowa, 203 N.W.2d 318, 320; *Kindred v. Crosby*, 251 Iowa 198, 201, 100 N.W.2d 20, 22; *Young v. Hamilton*, 213 Iowa 1163, 1173, 240 N.W. 705, 710.

IV. In division II of its brief and argument plaintiff-appellant raises the question, "Does the word 'value', when used in the second paragraph of Iowa Code sec. 297.22 (1973), mean appraised value or does it mean actual value as determined by sale?"

Plaintiff-appellant argues the word "value" means cash value as determined by a sale. No authority is cited in support thereof. To so construe the statute would render useless the statutory requirement of appointment of three disinterested freeholder appraisers. It is our duty to give meaning to each provision of a statute and search for the legislative intent as shown by what the legislature said, rather than what it should or might have said. Rule 344(f) 13, R.C.P.; *Interest of Clay,*

Iowa, 246 N.W.2d 263, 265. We note also that both the appraisal and sale figure exceeded the $5000 provisions set out in section 297.22(2). We hold "value" as used in the statute means appraised value.

The trial court properly sustained defendants' motion for summary judgment.

AFFIRMED.