KLINGER–HOLTZE, a joint venture, and Budden-Olson Mechanical Contractor, a joint venture, Appellants,

v.

SULZBACH CONSTRUCTION COMPANY, Appellee.

SULZBACH CONSTRUCTION COMPANY, Cross-Petitioner,

v.

GRIFFIN PIPE PRODUCTS COMPANY, Defendant to Cross-Petition.

KLINGER–HOLTZE, a joint venture, and Budden-Olson Mechanical Contractor, a joint venture, Plaintiffs,

v.

GRIFFIN PIPE PRODUCTS COMPANY, Defendant.

No. 59530.

Supreme Court of Iowa.

Feb. 22, 1978.

Kindig, Beebe, McCluhan, Rawlings & Nieland, and Michael W. Ellwanger, Sioux City, for appellants.

Wilson, Rhinehart & Bikakis and David E. Vohs, Sioux City, for appellee.

Considered by MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

In this case plaintiffs appeal the court's order sustaining defendant Sulzbach Construction Company's motion for summary judgment, the order holding that the defendant (a sub-subcontractor) was a third party beneficiary under the general contractor's insurance policy. We are unable to agree. We reverse the trial court and remand this case for further proceedings.

The plaintiff, Klinger-Holtze, is a joint venture comprised of H. S. Holtze Construction Company, an Iowa corporation, and W. A. Klinger, Inc., an Iowa corporation, both having their principal places of business in Sioux City. The plaintiff, Budden-Olson Mechanical Contractors, is a joint venture consisting of Budden Plumbing Co., Inc., an Iowa corporation, and James P. Olson Co., an Iowa corporation, both having their principal places of business in Sioux City.

The defendant Sulzbach Construction Company, is a corporate body with its principal place of business in Sioux City.

The plaintiff, Klinger-Holtze, was general contractor for the construction of a medical facility and hospital in connection with St. Luke's Medical Center in Sioux City.

The Klinger-Holtze joint venture entered into a subcontract with the plaintiff Budden-Olson under the terms of which Budden-Olson subcontracted to install plumbing facilities in the building under construction, including the furnishing of all equipment, labor and material for the installation of a six-inch water line from a meter pit to enter the building through a flange.

Subsequently, Budden-Olson subcontracted the work to defendant Sulzbach Construction Company, which in turn undertook the installation of the water line, including the furnishing of all labor, equipment and material. In the month of August, 1971 a six-inch pipe laid by defendant Sulzbach broke, or developed a leak, which caused flooding and damage to the building then under construction. The reasonable and necessary cost of repair work and cleanup consequent to said flooding was $10,324.91, claimed by the plaintiff against Sulzbach, and which said sum was paid by plaintiff Klinger-Holtze under the general contract and the subcontract with Budden-Olson.

The general contract between St. Luke's Medical Center and Klinger-Holtze provided inter alia:

"(e) Fire Insurance—The Contractor shall insure the building or other work included in this contract against loss or damage by fire, and against loss or damage covered by the standard extended coverage insurance endorsement, in an insurance company or companies acceptable to the Owner, the amount of the insurance at all times to be at least equal to the amount paid on account of work and materials and plus the value of work or materials furnished or delivered but

not yet paid for by the Owner. The policies shall be in the names of the Owner and the Contractor, as their interests may appear, and certificates of the insurance company as to the amount and type of coverage, terms of policies, etc. shall be delivered to the Owner before monthly partial payments are made. The policy shall provide for the inclusion of the names of all other contractors, subcontractors, and others employed on the premises as ensureds, and shall stipulate that the insurance companies shall have no right of subrogation against any contractors, subcontractors, or other parties employed on the premises for any work, building alteration, construction, or erection to the described property."

Klinger-Holtze obtained the insurance required by the foregoing contract provisions, naming Klinger-Holtze and the subcontractor Budden-Olson as insureds under the policy, but did not identify the sub-subcontractor Sulzbach as insured.

After the payment by Klinger-Holtze and Budden-Olson of the damages aforesaid, plaintiffs instituted their suit against Sulzbach for indemnity for said amount on the theory of breach of contract, and also based on the alternative grounds of negligence. Sulzbach then brought in as a third party defendant Griffin Pipe Products Company which had furnished the pipe in question for installation in the medical building, and shortly thereafter the plaintiffs amended their petition to assert a cause of action against Griffin directly.

While the plaintiffs assert the Griffin Pipe Products Company is not a party to this appeal, we observe the notice of appeal was directed to all defendants.

In its amended answer responsive to the petition asserting the cause of action against it, Sulzbach alleged that according to the terms of the insurance policy which plaintiffs had procured in accordance with the contractual requirements set out above that it [Sulzbach] was insured under said policy and that plaintiffs had no right of indemnification against Sulzbach. The policy terms referred to by Sulzbach in its responsive pleading are as follows:

"This policy also covers temporary structures, materials, equipment and supplies of all kinds, incident to the construction of said building or structure and when not otherwise covered by insurance, builders machinery, tools and equipment owned by the insured or similar property of others for which the insured is legally liable, all temporary structures, or on vehicles, or in the open; only while on the premises described or within 100 feet thereof."

In a subsequent amendment to its answer, Sulzbach alleged the insurance policy secured by Klinger-Holtze required plaintiff to include all sub-subcontractors as insureds as their interests appear and that Klinger-Holtze had failed to do so. Sulzbach contended that as the result of such failure to act Klinger-Holtze was an insurer of Sulzbach by virtue of plaintiff's breach of contract with the hospital. Sulzbach then counterclaimed against plaintiff Klinger-Holtze, asserting that if Sulzbach was found liable to Budden-Olson for any damages, then Klinger-Holtze, as insurer of Sulzbach, would ultimately be liable. In its reply, Klinger-Holtze denied it was an insurer of Sulzbach since there was no contract between it and Sulzbach at any time.

Sulzbach filed request for admissions from Klinger-Holtze which then admitted certain portions of its contract with the hospital but denied it had failed to procure "extended coverage insurance covering subcontractors or other parties employed on the premises for any work."

Sulzbach filed its motion for summary judgment on March 2, 1976, in which it alleged the existence of the policy of insurance covering construction of the hospital which was required by the terms of the general contract, and that the contract required insurance on all persons employed on the premises and all work on the property. They asserted that Klinger-Holtze had failed to name Sulzbach as an insured, and that this failure made Klinger-Holtze an insurer of Sulzbach. Sulzbach further al-

leged that as an insurer, Klinger-Holtze could not recover by right of indemnification against its own insured and that Sulzbach was, therefore, entitled to summary judgment.

Griffin Pipe Products Company, defendant to Sulzbach's cross-petition, did not join in Sulzbach's motion for summary judgment.

By way of resistance to Sulzbach's motion for summary judgment, plaintiffs alleged that Klinger-Holtze was the named insured under the required insurance policy and that subcontractor Budden-Olson was added as a named insured under the policy. They further asserted Sulzbach was not a party to the general contract between Klinger-Holtze and the hospital, and that Sulzbach was not a subcontractor of Klinger-Holtze. Plaintiffs admitted Sulzbach was not named as an insured under the policy but denied that the policy covered all work on the building. They expressly pleaded that Sulzbach was not at any time an insured of Klinger-Holtze or of Budden-Olson. They further alleged Sulzbach had by contract indemnified both plaintiffs for the work to be performed and that Sulzbach had procured its own policy of liability insurance to cover the work on the hospital. Klinger-Holtze further asserted that since Budden-Olson had paid the $1,000 deductible under Klinger-Holtze's policy that Budden-Olson was the real party in interest and that either or both plaintiffs were entitled to indemnity from Sulzbach. Plaintiffs asserted there were genuine issues of fact and law to be determined by the introduction of evidence, and resisted defendant's motion for summary judgment.

After oral arguments and the submission of briefs, the trial court sustained Sulzbach's motion for summary judgment, and reasoned that as a matter of law Klinger-Holtze's failure to name defendant Sulzbach in the insurance policy did not preclude defendant from being a third party beneficiary under the policy as "other parties employed on the premises for any work . . .", against whom no right of indemnification existed under the terms of the policy.

The plaintiffs state the following issues for review:

(1) Does a general contractor have a right of indemnification against a sub-subcontractor for damages paid as a result of the sub-subcontractor's breach of a construction contract, where the general contractor's undertaking required insurance coverage for all subcontractors and where the general contractor failed to include the sub-subcontractor as an insured under the policy.

(2) Does a subcontractor have a right of indemnification against a sub-subcontractor under the above circumstances where the initial subcontractor was not a party to the contract between the owner and the general contractor.

(3) Did the trial court err in granting the sub-subcontractor's motion for summary judgment on the grounds that the sub-subcontractor was a third party beneficiary under the insurance policy mentioned above, in spite of the fact that the general contractor did not secure insurance under its policy for the protection of the sub-subcontractor.

(4) Did the trial court err in sustaining the sub-subcontractor's motion for summary judgment where the sub-subcontractor had secured liability insurance on its own, and where the plaintiffs asserted that the sub-subcontractor was estopped from asserting there was a breach of the principal contract since it did not rely on the insurance provisions of the principal contract.

■ I. We treat together the first and third issues above stated. The substantive issue which must be resolved in this appeal is whether the trial court erred in sustaining the motion for summary judgment. Motions for summary judgment can be sustained only if there are no material issues of fact and as a matter of law summary judgment should be granted on motion of the moving party. *Unification Church v. Clay Central School District*, 253 N.W.2d 579, 581 (Iowa 1977). A court reviewing a motion for a summary judgment must look

at the case in a light most favorable to the party opposing the motion. *Unification Church*, 253 N.W.2d at 581.

We must, therefore, determine whether the contractor in this case can maintain a suit against a sub-subcontractor for damages paid as the result of a breach of contract where the general contractor's undertaking with the owner required insurance coverage for all subcontractors and others working on the site, and where the contractor did not secure coverage for the sub-subcontractor in its insurance policy. A related issue was whether Sulzbach Construction Company is a third party beneficiary of the contract between Klinger-Holtze and the hospital permitting it to raise the alleged breach of the principal contract as a defense. The defendant claims the provisions on insurance in the contract were for defendant's benefit and that Klinger-Holtze's failure to include the defendant in the insurance coverage makes Klinger-Holtze an insurer of the defendant. As an insurer, Klinger-Holtze could not sue defendant for indemnification since it was the insured. Plaintiffs claim they can maintain their suit against the sub-subcontractor who cannot take advantage of the contractual provision on insurance since the defendant sub-subcontractor is at best only an incidental third party beneficiary to the contract.

■ Clearly, a contractor has a right of indemnification against a sub-subcontractor for breach of contract. Such a situation is analogous to a master, not at fault, seeking indemnification from a servant for damages the master is forced to pay because of the servant's negligence. See *Dairyland Insurance Company v. Concrete Products Company*, 203 N.W.2d 558, 564 (Iowa 1973). It is true that an insurer cannot bring an action in subrogation against its insured. *Connor v. Thompson Construction and Development Co.*, 166 N.W.2d 109 (Iowa 1969). Also, a breach of a contract provision on the obtaining of insurance may make the party at fault the insurer of the party who suffers damages. See *Connor*, 166 N.W.2d at 112, 113. However, the question remains whether the defendant was covered by the

insurance policy Klinger-Holtze was required to obtain under the insurance provision of the general contract and whether defendant as a third party beneficiary can claim coverage thereunder to its advantage.

With relation to the issue as to whether the defendant as a third party beneficiary is entitled to the benefit of the policy and the contractual provisions of the contract between Klinger-Holtze and the hospital, plaintiffs claim that as an incidental beneficiary the defendant could not take advantage of that contractual provision. On the other hand, defendant claims that as an intended beneficiary it is entitled to the benefit of the provision of the contract.

■ We have said that while intended third party beneficiaries are entitled to benefits of contractual promises, incidental third party beneficiaries cannot be so entitled, and that in order to be an intended third party beneficiary the circumstances must indicate an intent of the promisee to make a gift to the third party or to confer upon it some right against the promisor not due from the promisee to the third party. *Iowa Power and Light Company v. Abild Construction Company*, 259 Iowa 314, 329, 144 N.W.2d 303, 312. Sulzbach claims it was an intended third party beneficiary, but the hospital's intent in incorporating the insurance provisions in the general contract could have been for the purpose of protecting itself from loss by making sure all of the contractors and others employed on the project were insured, rather than intending to give the defendant the benefit.

The above matters cannot be determined as a matter of law in the present record, and we conclude the sustaining of the defendant's motion for summary judgment was in error as there was a genuine issue of material fact for determination.

■ II. The plaintiffs also question whether the trial court erred in sustaining motion for summary judgment against the plaintiff Budden-Olson on the basis of a contractual relationship to which Budden-Olson was not a party. The trial court granted summary judgment against Bud-

den-Olson on the grounds of a provision contained in the contract between Klinger-Holtze and the hospital. Plaintiffs contend this was improper since Budden-Olson was not a party to that contract. We agree since the record does not in any sense relate Budden-Olson to the general contractual relationship between the owner hospital and the general contractor Klinger-Holtze.

III. We next consider plaintiffs' contention that defendant Sulzbach is estopped from relying on the terms of the construction contract as a defense to the action since Sulzbach obtained its own insurance to indemnify it in the event of loss. Sulzbach claims such an issue cannot be raised by plaintiffs since the fact that the defendant had insurance is only supported by the plaintiffs' contention in the record.

Plaintiffs' contention Sulzbach had indemnified itself by its own insurance raised a factual dispute and affects the interpretation the several parties placed on the disputed contractual provisions in the contract between Klinger-Holtze and the hospital.

No evidence was adduced to controvert the plaintiffs' contention and it therefore remains a viable factual issue, and further fortifies our conclusion the trial court erred in sustaining the motion for summary judgment. This conclusion is strengthened by reference to the citations of authority set out in Division I of this opinion.

IV. Plaintiffs' cause of action against Sulzbach Construction Company is based on either breach of contract or negligence on the basis of the faulty installation of the pipe or the installation of defective pipe. The causes of action brought by Sulzbach against Griffin Pipe Products Company and the action against Griffin sought to be maintained by plaintiffs in keeping with the amendment to their pleadings, center around strict liability, negligence and breach of an implied warranty on the basis of the manufacture of defective pipe.

There is obviously no clear line of demarcation between the claims made by Sulzbach against Griffin and the claims made by the plaintiffs against Griffin. Such contentions may make the final determination of the liability of Griffin Pipe Products Company determinative of the liability of Sulzbach. It cannot be said that such confused relationship did not present for the court's determination in ruling upon the motion for summary judgment a genuine issue of material fact. Such issues remain unresolved and we are forced to the conclusion the trial court was in error in sustaining Sulzbach's motion for a summary judgment.

This case is, therefore, reversed and remanded for further proceedings.