Oscar E. HAACK and Marjorie Rose Haack, Husband and Wife, Plaintiffs-Appellants,

v.

BURLINGTON NORTHERN, INC., A Corporation, Defendant-Appellee.

Kelly Seymour HENDRIX, Doyle H. Pilling and Marilyn J. Pilling, Husband and Wife, Plaintiffs-Appellants,

v.

BURLINGTON NORTHERN, INC., A Corporation, Defendant-Appellee.

Nos. 2–65095, 2–65171.

Court of Appeals of Iowa.

June 30, 1981.

Gene Eaton, of Eaton, Eaton & Longinaker, Sidney, for plaintiffs-appellants.

LeRoy Sievers, of Peterson, Bowman & Johanns, Lincoln, Neb., for defendant-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Plaintiffs appeal from trial court's order granting defendant's motion for summary judgment in separate actions seeking declaratory relief and damages regarding defendant's interest in abandoned railroad right of way property. Plaintiffs argue that they are entitled to a declaratory judgment that defendant had only an easement to the right of way abutting their property which terminated upon abandonment and that summary judgment was inappropriate since there were genuine issues of material fact on their claim that defendant fraudulently induced them to buy its interest in the right of way by asserting ownership in it in fee. We reverse the court's order granting defendant's motion for summary judgment and remand for trial on plaintiff's fraud claim.

Oscar and Marjorie Haack filed this petition for declaratory relief and damages on March 2, 1978. Plaintiffs own certain farm land in Mills County; defendant is corporate successor to a railroad right of way between Henderson in Mills County and Carson in Pottawattamie County which was originally acquired by the Hastings and Avoca Railroad Company in 1880. Under the 1880 deeds, the Hastings obtained

"so much of the Southwest Quarter of the Northeast Quarter (SW. ¼ NE. ¼) and the Northwest Quarter of the Northeast Quarter (NW. ¼ NE. ¼) of Section Three

(3) in Township Seventy-Three (73) North, Range Forty (40) West of the 5th P.M., as lies within 50 feet of the center of the main track of the Hastings and Avoca Railroad Company as the same is surveyed, staked out and marked upon the ground, being 50 feet in width on each side of said centerline. *The same being for right-of-way for said railroad and for railroad purposes only,* situated in the County of Mills, State of Iowa." (emphasis added)

Part of this right of way is situated on plaintiffs' land. Pursuant to a 1972 order of the Interstate Commerce Commission, defendant abandoned the entire right of way between Henderson and Carson and removed the tracks. Plaintiffs requested a declaratory judgment that, upon abandonment by defendants, the right of way reverted to them under section 473.2, The Code 1971 (now section 327G.77, The Code) or will revert to them after eight years of nonuse from the date of abandonment.

Plaintiffs also brought a claim for damages in their petition. In support of this demand, they alleged that after the abandonment, defendant announced that a public meeting would be held on May 13, 1975 for the consideration of bids on eighteen miles of abandoned right of way in three southwestern Iowa counties, including the Carson-to-Henderson tract going through plaintiffs' property. At the meeting, attended by plaintiffs, Bruce Opp, defendant's representative, indicated that defendant still owned the right of way property and wanted to sell, giving first opportunity to buy to the owners of land abutting the right of way. Plaintiffs alleged that, in order to avoid severance of their farm land by alien ownership and in reliance on defendant's representations of ownership, they executed a purchase agreement for the right of way in their property and bought it for $4,060. Defendant, in turn, gave plaintiffs a quitclaim deed to the right of way which reserved mineral rights to defendant-grantor and its assigns. Plaintiffs claim that, under the 1880 deeds, defendant had only an easement which reverted to plaintiffs upon abandonment and, therefore, de-

fendant's actions in claiming absolute ownership and trying to sell the right of way were fraudulent and in willful, malicious disregard of and indifference to plaintiff's rights. Plaintiffs demanded full restitution with statutory interest and punitive damages.

On January 16, 1980, defendant moved for summary judgment on both of plaintiffs' claims. Regarding the prayer for declaratory relief, defendant claimed that there was no genuine issue of material fact since defendant quitclaimed to plaintiffs any interest it had in the right of way. On plaintiffs' damages claim, defendant alleged that they were aware of all the facts and circumstances surrounding the transaction arising from the 1975 public meeting and, therefore, there was no genuine issue of material fact on their claims of fraud and misrepresentation. By order on April 16, 1980, the trial court granted defendant's motion in its entirety. Plaintiffs filed this appeal on May 13, 1980.

I. In disposing of plaintiffs' request for a declaratory judgment that defendant only had an easement which reverted to them upon abandonment, the trial court made the following statements:

The Defendant has transferred by Quitclaim Deed, any right, title or interest it had in the right-of-way herein involved to the Plaintiffs. The railroad admits, without controversy, that it cannot make any claim to the right-of-way in question because it has transferred its interest in the property to the Plaintiffs. The transfer by the Defendant of the right-of-way to the Plaintiffs has made the issue of ownership to the property a moot issue for declaratory judgment purposes although said issue will of necessity be determined in deciding whether all of the elements of fraud have been satisfied in Division II of the Plaintiffs' Amended and Substituted Petition.

The court went on to conclude that there was no genuine issue of material fact on the question of ownership of the right of way tract and that defendant was entitled to summary judgment on the issue.

We think that this analysis begs the question. Defendant, of course, may make no claim of ownership of the land in question. Plaintiffs, however, are not seeking a declaratory judgment against any *current* claim of ownership by defendant; rather, they are seeking a declaration that defendant had no interest to convey in 1975 at the time of the alleged fraudulent sale. For this reason, it is essential to determine the extent of defendant's interest in the right of way property at that time.

The deed under which defendant had rights to the property in question stated that the conveyance was "for said railroad and for railroad purposes only." Identical language was present in the deed construed by this court in *Johnson v. Burlington Northern, Inc.*, 294 N.W.2d 63 (Iowa App.1980). In that case, we held that such language "sufficiently limited the conveyance to an easement only." 294 N.W.2d at 66; *see also Atkin v. Westfall*, 246 Iowa 822, 69 N.W.2d 523 (1955). A similar conclusion is compelled in this case—at most, defendant had an easement for railroad purposes only. This easement was extinguished in 1972 when the ICC order requiring defendant to abandon that stretch of railroad became effective. "[A] grant of an easement for particular purposes having been made, the right thereto terminates as soon as the purposes for which granted cease to exist or are abandoned or are impossible." *Chicago & Northwestern Railway Co. v. Sioux City Stockyards Co.*, 176 Iowa 659, 668, 158 N.W. 769, 772 (1916). At that point, all interest held by defendant in the right of way reverted to plaintiffs as owners of the servient estate. *See* 28 C.J.S. *Easements* § 58, p. 723 (1941) and cases cited. Plaintiffs were entitled to a declaratory judgment to the effect that the trial court erred in failing to so rule.

II. Plaintiffs also claim that the trial court erred in granting defendant's motion for summary judgment on their fraud claim. Under Iowa R.Civ.P. 237(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, we view the circumstances in the light most favorable to the party against whom the motion for summary judgment was made. *Unification Church v. Clay Central School District*, 253 N.W.2d 579, 581 (Iowa 1977). A jury question is engendered if reasonable minds might draw different inferences from the fact, even if they are not in dispute or contradicted. Iowa R.App.P. 14(f)(17).

We agree with plaintiffs that summary judgment was inappropriate with regard to their fraud claim. The elements of fraud, listed in *Grefe v. Ross*, 231 N.W.2d 863, 864 (Iowa 1975), are seldom susceptible to direct proof and may be proven by circumstantial evidence. *Northrup v. Miles Homes Inc. of Iowa*, 204 N.W.2d 850, 859 (Iowa 1973). With these principles in mind and viewing the evidence in the light most favorable to plaintiffs, a reasonable jury could find that Bruce Opp, defendant's representative at the May 13, 1975, meeting, told those present (including plaintiffs) that defendant still owned the abandoned right of way tracts in fee and was willing to sell them to the adjacent landowners. Such jury could also find that plaintiffs relied on those representations but that defendant was in fact aware that its claim of fee title was in dispute and thus transferred other tracts for little or no consideration. It could therefore be concluded that defendant fraudulently sold the plaintiffs an interest in land no longer held by defendant. Since different inferences could reasonably be drawn from the facts as shown by the record before the trial court, defendant was not entitled to summary judgment. The decision of the trial court is therefore reversed and the cause is remanded for trial on plaintiffs' fraud claim.

REVERSED AND REMANDED.