THE CHICAGO & SOUTH–WESTERN R. R. CO. ET AL. v. SWINNEY ET UX.

1. **Injunction:** SPECIFIC PERFORMANCE: AD QUOD DAMNUM. A railway company may compel specific performance of a contract to convey a right of way where it has complied with the conditions of its contract, and is entitled to an injunction to restrain an assessment of damages under *ad quod damnum* proceedings.

2. **Husband and wife:** HOMESTEAD: CONVEYANCE OF RIGHT OF WAY BY HUSBAND. The husband can convey a right of way over the homestead, without the concurrence and signature of the wife to the deed, when such conveyance will not defeat the substantial enjoyment of the homestead as such.

*Appeal from Davis District Court.*

THURSDAY, APRIL 9.

THIS is a suit in equity to enforce a specific performance of a written contract for a right of way, and to enjoin the defendants from proceeding, by *ad quod damnum*, to assess the damages for such right of way before a sheriff's jury. The defendants demurred to the petition, and also moved to dis-

solve the temporary injunction which was allowed upon it. These were severally overruled. The defendants then answered, and upon the trial the court granted the specific performance and made the injunction perpetual.

*M. H. Jones*, for appellants.

*Trimble & Carruthers*, for appellee.

COLE, J.—The petition alleges that the plaintiffs are corporations duly organized in this State, and own and operate a railroad over the defendant's land, describing it; that before grading said railroad the defendant, with others, executed the following writing: "We, the undersigned, each agree to convey unto the Chicago & South-western Railway Company, or their assigns, the right of way, not exceeding one hundred feet in width, for a railroad over any lands owned by us in Davis County, Iowa; in consideration that said company or its assigns shall build a railroad from some point on the Muscatine branch of the C., R. I. & P. Railroad, southwesterly through Davis county, *via* Drakeville; provided said railroad company shall provide suitable crossings for each of us owning lands on each side of said road. This shall be our consent to enter upon, make and complete said work on our land, provided a depot shall be built within one-half mile of Floris. June 15, 1870." This contract was duly stamped and signed by the defendant, Delany Swinney, but was not signed by his wife, the defendant, Lavina Swinney. The petition also alleged that defendants were proceeding to assess damages by *ad quod damnum.*

The answer of the defendants admitted the execution of the contract, its performance, &c., by plaintiff, and their *ad quod damnum* proceedings; and averred that the land over which the right of way was taken is now, and for thirty years last past had been, the homestead of defendants. This fact was admitted by the plaintiff.

The cause was tried upon these pleadings and admissions; and thereon, as the respective counsel concede, only two questions arise for our determination.

The *first*: Are the plaintiffs entitled to an injunction? We answer, yes; and this, because they have the right to a specific

1. INJUNC-
TION : specif-
ic perform-
ance : right
of way.

performance of the contract for a conveyance of the right of way; and since they bring their suit for this purpose, they may properly join therewith every matter necessary to make the relief in such equitable proceeding adequate and complete. And without deciding or defining what would be the effect of an assessment of damages at the instance of these defendants, under the circumstances, we are clear that such assessment would have at least, *some* legal effect, for the law does not authorize vain things; and against this legal effect, whatever it may be, the plaintiffs have a right to the protection afforded by the injunction. The defendants are not injured by being enjoined from prosecuting a proceeding, under which they can claim no right. No other remedy to the plaintiffs is equally plain, adequate or complete.

The *second:* Can a husband grant a right of way to a railroad, over the homestead property, unless the wife concurs in

2. HUSBAND
AND WIFE :
homestead :
conveyance
of right of
way by hus-
band.

and signs the conveyance? As applied to the circumstances of this case, we answer this question also in the affirmative. The right of way is but an easement and does not pass the title; and in this case it does not, and is not claimed, to affect the substantial enjoyment of the homestead as such. If the homestead was a single lot, and the right of way occupied it all, so as to destroy the homestead or defeat its occupancy as such, the case would be very different. It cannot be doubted, that if the husband, in this case, instead of cultivating the homestead forty himself, should make a contract with his neighbor or another to cultivate it, or a part of it, upon the shares, or for a fixed money rent, for one, or for a series of years, such contract would be valid and binding, although the wife did not join, or concur in and sign such contract. And yet, no one would claim that the husband could convey, or make a permanent lease of the whole homestead, without such concurrence by the wife. The judgment in this case expressly protects the dower interest of the wife.

AFFIRMED.