Brown v. Young.

1. **Vendor and Vendee:** COVENANT AS TO TITLE: BREACH: EASEMENT: RIGHT OF WAY. A right of way for a railroad is only an easement, though it be conveyed by deed; and the existence of such easement is not a breach of the covenant as to title in a warranty deed, subsequently made, conveying the land.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 21.

THIS was an action upon a covenant of warranty. The defendant demurred to the plaintiff's petition. The court sustained the demurrer; and, the plaintiff electing to stand upon his petition, judgment was rendered against him for costs. He appeals. The opinion states the facts.

*D. W. Woodin* and *W. S. Sickmon*, for appellant.

*Goode & Phillips* and *A. N. Porter*, for appellee.

ADAMS, CH. J.—The premises in question were at one time owned by Luna A. and Isaac Bates. While they were so owned, Luna A. and Isaac Bates sold and conveyed to the Des Moines, Adel & Western Railroad Company a right of way through the premises for a railroad. Afterwards judgment was rendered against Luna A. and Isaac Bates, and the premises were sold under execution, and the defendant, W. A. Young, became the purchaser, and obtained a sheriff's deed. He then sold the premises to F. W. Bates by deed, with the following covenant: "I hereby covenant with the said F. W. Bates that I hold said premises by good and perfect title; that I have good right to sell and convey the same; that they are free from all liens and incumbrances whatsoever created through, by, or under me, and I covenant to warrant and defend said premises against the lawful claims of all persons whatsoever, arising by, through or under me."

Afterwards F. W. Bates sold and conveyed the premises, with covenants of general warranty, to the plaintiff.

The question presented by the defendant's demurrer is as to whether the petition, showing the facts to be as above stated, shows that the existence of the right of way in favor of the railroad company constitutes a breach of the defendant's covenant of warranty. In answer to such question we have to say that we think that it does not.

The plaintiff contends that the deed of Luna A. and Isaac Bates to the railroad company conveyed the fee to the land described therein. But, in our opinion, nothing was granted but an easement. The language of the deed is: "We hereby sell and convey to the Des Moines, Adel & Western Railroad Company the right of way for said railroad as the same is located." A mere right of way over land is, we believe, always regarded as an easement. The fact that the right of way in this case was for the use of a railroad company is not, we think, material. See *Jerald v. Elly*, 51 Iowa, 321. It may by non-use revert to the owner of the land from which it is taken; (Code, § 1260;) and we think that this is so even where the right of way is acquired by deed, rather than by condemnation, if the deed, as in this case, does not purport to convey a greater interest than a right of way. Under this view, the defendant did not covenant against the right of way. He did, to be sure, covenant against incumbrances created by himself, but this incumbrance was created by Luna A. and Isaac Bates, who were previous owners.

We think that the defendant's demurrer was properly sustained.

AFFIRMED.