J. A. SMITH AND MARY J. HUNTER v. M. HALL, *et al.*

**Railroad Right of Way.** The interest in a railroad right of way is the same whether granted or condemned.

SAME. The nature and quality of the interest taken and conferred in a railroad right of way is fixed by the legislature, and whether it shall be only an easement or a full fee title is purely for its determination. It is therefore competent for the legislature to say to whom the land shall revert when abandoned by the company.

**Reversion:** RAILROAD RIGHT OF WAY. A conveyance of all the remaining portions of a tract of land from which a railroad right of way had been taken, passes to the grantee whatever right to the reversion the grantor then had.

SAME. Under section 2660 Code of 1873, providing for the reversion of a railroad right of way to the owner of the tract from which it was taken, an abandoned right of way reverts to him who owns such tract at the time of the reversion, and not to him who owned it when the right of way was taken.

*Appeal from Chickasaw District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, OCTOBER 9, 1897.

ACTION to quiet title to an abandoned right of way. The answer alleged that Margaret Smith was the owner of the southeast quarter of the northwest quarter of section 17 in township 94 north, of range 14 west, of fifth P. M., in 1871, and conveyed the right of way, one hundred feet wide, diagonally through said land, to the Milwaukee & Nashua Railroad Company. Afterwards she sold that east of the east line of the right of way, and the Nashua Driving Park Association became the owner thereof. She conveyed that west of the west line of right of way to J. W. Smith, who divided it into acre lots, and deeded them to the other defendants. The

railroad company graded and partially completed its road, but work finally ceased and was never in good faith resumed. The above conveyances were made before the right of way reverted, under the statute, by reason of non-user; and, after such reversion, Margaret Smith conveyed any interest she had in the right of way, to the plaintiffs. On this deed they base their claim to the land. The demurrer to this answer was overruled, and, plaintiffs having elected to stand on the ruling, decree was entered quieting title in the defendants. Plaintiffs appeal.—*Affirmed.*

A. G. *Lawrence* for appellants.

B. A. *Billings* for appellees.

LADD, J.—When the right of way of a railroad company is lost by non-user, to whom does it revert,— to the original owner thereof, or to the then owner of the remaining portion of the tract of land from which it was taken? The determination of this question involves the construction of section 1260 of the Code of 1873, as follows: "Provided, however, that if said roadbed or right of way, or any part thereof, shall not be used or operated for a period of eight years, or in any case where the construction of a railway has been commenced by any corporation or person, and work on same has ceased and has not been in good faith resumed by any corporation or person for a period of eight years, the land and the title thereto shall revert to the owner of the section, subdivision, tract or lot from which it was taken." The interest in the right of way is the same whether granted or condemned. *Brown v. Young,* 69 Iowa, 625. The easement is not that spoken of in the old law books, but is peculiar to the use of a railroad, which is usually a permanent improvement, a perpetual highway of travel

and commerce, and will rarely be abandoned by non-user. The exclusive use of the surface is acquired, and damages are assessed, on the theory that the easement will be perpetual; so that, ordinarily, the fee is of little or no value, unless the land is underlaid by quarry or mine. *Hollingsworth v. Railway Co.*, 63 Iowa, 443; *Cummins v. Railway Co.*, 63 Iowa, 397; *Clayton v. Railway Co.*, 67 Iowa, 238. The nature and quality of the interest taken and conferred is necessarily limited and fixed by the legislature, and whether only an easement or a full fee title, is purely for its determination. See *Aldrige v. Railway Co.*, 23 Am. Dec. 307; *Leggett v. Dubois*, 28 Am. Dec. 413; *De Varaigne v. Fox*, 2 Blatchf. 95 (Fed. Cas. No. 3836). It was competent for the legislature to say to whom the land occupied and used by a railroad company should revert when abandoned. This necessarily follows from its right to fix the extent of the interest in the property appropriated. See *Noll v. Railway Co.*, 32 Iowa, 66; *Central Iowa R. Co. v. Moulton & A. R. Co.*, 57 Iowa, 249.

The fee to the right of way was not conveyed by Margaret Smith to the grantors of the defendants, in express terms, but, in conveying all the remaining portion of the tract from which it was taken, she parted with whatever right to the reversion she then had, and her grantees became vested, under the statute, with such right. The legislature could not have intended that the title revert to the original owner, and it be traced down to his descendants or those of his grantees. Such a holding would result in much litigation, and the land, owing to its condition and situation, would be of little value to the person obtaining it; while the construction casting the reversion on the owners of the remaining portion of the tract from which taken renders those entitled to it certain and easily ascertained, and vests the land in those to whom it will be

of some advantage. The words of the statute, when fairly construed, can only refer to the owner of the tract at the time of the reversion. That the "section, subdivision, tract or lot" is mentioned and emphasized, confirms this view. Had the intention been to return the land to him from whom taken, the statute would have so stated. In referring to the owner in the present tense, and especially to the tract from which taken, instead of the owner from whom taken, or the fee, the present owner is very evidently intended.—AFFIRMED.