KEOKUK COUNTY, Appellee, v. GUY REINIER et al., Appellants.

No. 44816.

NOVEMBER 21, 1939.

REHEARING DENIED MARCH 9, 1940.

Robert J. Shaw, for appellee.

Charles C. Heninger and James J. Kelly, Jr., for appellants.

BLISS, J.—This case was tried on stipulated facts.

In 1882 Alex R. Patterson, and five other grantors having the same last name, conveyed to the Chicago, Burlington & Pacific Railroad Company, by warranty deed, a strip of land 100 feet wide through the following tract of land, to wit:

"Northwest Quarter of the Northwest Quarter of Section 21, in Township 74, North of Range 11 West of the 5th P. M. Iowa (and other land). The said strip of land being 50 feet on each side of the center line of said railroad as now located by said Company, to have and to hold said strip of land for all purposes incident and necessary to the construction and operation of a railroad and telegraph line or lines thereon."

The railroad was constructed by the grantee, or by those claiming under it, and for many years the Minneapolis and St. Louis Railway Company maintained and used a standard gauge railway on the strip conveyed. About two years before the commencement of this action, said Railway Company abandoned this right of way and strip of ground for railway purposes, and removed the track and all of its equipment thereon, and on May 3, 1937, executed to the defendant, Guy Reinier, a quitclaim deed to said strip. He is the husband of his codefendant.

Guy Reinier, by mesne conveyances, is the owner of all right, title, and interest conveyed or granted by the Patterson deed, unless it has reverted to the plaintiff, and the plaintiff is the owner, by mesne conveyances of all the land, abutting this strip on each side, in the governmental 40 acres from which it was taken.

Section 7861 of the Iowa Code of 1935 is as follows:

"Relocation of railway. Such part of a railway right of

way as is wholly abandoned for railway purposes by the relocation of the line of railway, shall revert to the persons who, at the time of the abandonment, are owners of the tract from which such abandoned right of way was taken."

The plaintiff bases its right to the decree, prayed for and entered, solely as the owner, by reversion, under said section, of the strip of land in controversy.

The defendants base their ownership of the strip, and their right to a reversal of the decree, upon the ground that the Patterson deed to the railroad company, conveyed to the latter, not a mere right of way across the 40 acres, but an absolute title in fee. simple, which was not subject to reversion under the statutory provision. They rely chiefly upon the decisions of this court in Watkins v. The Iowa Central Railway Company, 123 Iowa 390, 98 N. W. 910; Des Moines City Railway Co. v. Des Moines, 183 Iowa 1261, 159 N. W. 450, and Montgomery County v. Case, 212 Iowa 73, 232 N. W. 150. These decisions are not controlling in the case before us. In the case first cited [123 Iowa 390, 397, 98 N. W. 912], the deed of bargain and sale to the railroad company conveyed:

" 'So much of the southwest quarter * * * as lies within fifty feet of the center line of the main track of the Iowa Central Railroad, as the same is surveyed, staked out and marked upon the ground, being fifty feet in width on each side of said center line.' "

The conveyance was in no way limited. As the court therein said:

"There is no showing in the deed that this was for a right of way, or that it was to be used for railway purposes. The deed, on its face, conveys an absolute estate in fee simple."

The court held that, under such a deed, the title of the railway company was not lost by nonuser. Justice Weaver, with Justice McClain. concurring, disputed the last proposition in a very able dissent.

In the second cited case, it appears that originally the corporate limits of Des Moines extended west only to a point between 37th and 38th streets. The town of Greenwood Park, immediately west, had granted to the plaintiff's grantor the

right to construct its railway upon a 65-foot street running through the town. From the corporate limits eastward on what is now Ingersoll Avenue, to 28th street, the plaintiff obtained deeds to a 20-foot strip, from the abutting property owners, who also dedicated to the city a 40-foot strip on each side, for street purposes. When the latter strips were paved by the city, an assessment for the cost of the paving was levied against the 20-foot strip, as abutting property. That was the issue in the case. There had been no abandonment of the street railway, and there had been no reversion. The question was whether, under the circumstances, the 20 feet should be assessed to help pay the cost of the paving. The court held that it should be, saying [183 Iowa 1261, 159 N. W. 452, L. R. A. 1918D, 839]:

"The conveyances under which it occupies and exercises dominion over the 20-foot strip do not limit their legal effect to a right of way only. No mention of a right of way, either in terms or by words of necessarily equivalent meaning, is to be found in any of the deeds. In each, the owners of the tract convey, sell and quitclaim to the grantee all their right, title, and interest in the land, and not merely in the right of way. It is not denied that the grantors owned and had the right to convey the land; and their deeds, in form and in substance, were sufficient to vest a fee in the grantee. This is none the less true because each deed embodied a statement that the land is to be used for the construction and operation of a street railway, and provides that if, in the future, it shall be abandoned for that purpose, it shall revert to the grantor or to the public. A condition in a deed by which the property is to revert to the grantor, upon an event which may or may never occur, gives rise to what the books call the "possibility of reverter," and serves, in some degree, to qualify the fee created by the conveyance. But it remains true that an estate so conveyed is, nevertheless, a fee; and the grantee thereof is the owner, so long as the estate continues, and until the reverter takes place."

In the Montgomery County case, supra [212 Iowa 73, 75, 232 N. W. 150], the plaintiff county sought to condemn land for a highway, through the defendant's land, and also upon an abandoned railroad right of way, which the county claimed

to own, adjacent to the defendant's land. The defendant's father had conveyed this strip, by warranty deed, to the railroad company, describing it as follows: " 'A strip of land 100 feet, fifty feet on either side of the center line of grantee's railway track, through, over and across the Southeast Quarter of Section * * *' " There were no words of limitation. Afterwards the father conveyed the quarter section, excepting the right of way, to the defendant, and later he conveyed to him the 100-foot strip. Previous to this last conveyance the right of way had been abandoned and conveyed by mesne conveyances to the plaintiff county. The defendant claimed the strip and sought to make the county pay him damages therefor in the condemnation proceedings. The court held that it was ruled by the decision in Watkins v. Railway, supra, and refused to award the defendant damages. Without stating their grounds therefor, Justices Evans, Wagner, DeGraff and Albert dissented.

■ The deed, in the case before us, is not a straight fee simple conveyance, but the strip of land was conveyed to the railroad company, *"to have and to hold for all purposes incident and necessary to the construction and operation of a railroad and telegraph line or lines thereon."* The grant was limited to a specific purpose, and that purpose having been abandoned, all right, title, and interest of the railroad in and to the land was thereby divested. It is our holding that the deed conveyed nothing greater than a right of way across the 40 acres for the purpose specified in the deed, and that after the abandonment, the deed of the Minneapolis and St. Louis Railroad Company conveyed nothing to the appellant, Guy Reinier, since the fee title to the land had previously reverted to the plaintiff, under the said Code section 7861.

■ Our decision is based upon the provisions of this particular deed, but in interpreting it, and deeds of a like kind, given by the landowner when he has no choice in the matter, since the land can be taken by condemnation, if he refuses to convey it, we feel that such liberal construction should be given as will effectuate the intention of the parties, and fully protect the rights of the grantor and his assigns. The reason for such interpretation was well expressed by Justice Weaver, in his dissenting opinion in the Watkins case, supra [123 Iowa 390, 410], in the following language:

504

"It follows, therefore, as an inevitable conclusion, that when the public use is permanently abandoned, and the public benefit which was the consideration for the transfer of title ceases to be served or promoted, the right and title of the corporation ceases therewith. Moreover, lands obtained for right of way are to be distinguished from other lands obtained by the company, in this: the latter, as a rule, are obtained in such shape and form that they may ordinarily be bought, used, and sold for general purposes without imposing any special hardship upon other proprietors or upon the public, while the right of way consists of a narrow strip extending over and across lands devoted to agricultural, residence, and business uses. Much of this strip, when abandoned, is wholly valueless to the company, except as a menace by which the owner of the land thus burdened may be induced or compelled to make terms for the removal of the incumbrance. To say that when the right of way is abandoned for railway uses, the company may retain it or dispose of it to others for uses of a merely private character, is to affirm a proposition at variance with every well-settled rule of law governing ownership of lands by quasi public corporations, and open the door to the most grave abuses."

The decree of the district court is affirmed.—Affirmed.

OLIVER, C. J., and HALE, SAGER, MILLER, STIGER, and RICHARDS, JJ., concur.