Ray TURNER and Margaret Turner,
Appellants,

v.

UNKNOWN CLAIMANTS OF a Strip of
LAND One Hundred Feet IN Width Lo-
cated IN the West One-Half of SECTION
4, TOWNSHIP 87 NORTH, RANGE 32
WEST OF the 5TH PRINCIPAL MERIDI-
AN, et al., Appellees.

No. 55595.

Supreme Court of Iowa.

May 23, 1973.

———◆———

Kersten, Opheim, Carlson & Estes, Fort
Dodge, for appellants.

Ray Licklider, Rockwell City, for appel-
lees.

Heard before MOORE, C. J., and MA-
SON, REES, UHLENHOPP and Mc-
CORMICK, JJ.

UHLENHOPP, Justice.

The question in this appeal is whether a
strip of land which a railway ceased to use
reverted to the present owner of the farm
from which it came or passed under a con-
veyance by the railway to others.

In 1902 the Newton & Northwestern
Railroad Company was constructing a rail-
way in Calhoun County, Iowa. The rail-
road obtained rights of way across some
farms by condemnation. It located a strip
of land across the farm of Plympton Bab-
cock, but did not condemn a right of way.
On December 30, 1902, Babcock conveyed
the strip to the railroad by this general
warranty deed:

Know All Men By These Presents:

That Plympton Babcock and wife of
the County of Calhoun, and State of
Iowa, in consideration of twenty two
hundred (2200) Dollars, in hand paid, the
receipt whereof is hereby acknowledged,
do hereby sell and convey unto the New-
ton & Northwestern Railroad Company
the following described tract, piece or

parcel of land situate, lying and being in the County of Calhoun and State of Iowa, bounded and described as follows, viz: A Strip of land one hundred feet in width, being fifty feet in width on each side of the center line of said railroad, as the same has been located over and across the West one half (W½) of section Four (4) township eighty seven (87) range thirty two (32) containing 6 ⁷⁵⁄₁₀₀ acres more or less.

To have and to hold the premises above described, with the appurtenances unto the said Newton & Northwestern Railroad Company, and its assigns forever.

And the said Plympton Babcock hereby releases all damages to his other lands by reason of constructing, operating, and maintaining a railroad on said strip of land. And the said grantor hereby covenant with the said grantee that at the time of executing and delivering these presents he is seized of said premises in fee simple, that he has good, right and lawful authority to convey the same, that the same are free and clear from all incumbrance whatever, and he covenants to warrant and defend the same against the lawful claims of all persons whomsoever.

And May E. Babcock wife of said Plympton Babcock hereby relinquishes all her right of dower in and to the above described premises.

Witness our hands this 30 day of December A.D. 1902.

The railroad operated trains over the strip until about 1909, when its assets were sold to the Fort Dodge, Des Moines & Southern Railway Company. The latter railway operated trains over the strip until 1962 but none thereafter, and on October 3, 1966, conveyed the strip by quitclaim deed to a partnership known as Anderson & De Bolt, which took possession. Defendants-appellees are the successors of the partnership. Plaintiffs-appellants are the present owners of the Plympton Babcock farm.

Plaintiffs commenced a suit against defendants to quiet title to the strip, claiming it by reversion. Defendants resisted, contending that ownership of the strip passed under the railway's deed to Anderson & De Bolt and thence to them. The trial court held for defendants. Plaintiffs appealed.

The legislature has provided in § 473.2, Code 1973:

If a railway, or any part thereof, shall not be used or operated for a period of eight years, or if, its construction having been commenced, work on the same has ceased and has not been in good faith resumed for eight years, the right of way, including the roadbed, shall revert to the persons who, at the time of the reversion, are owners of the tract from which such right of way was taken.

Two situations may exist under this statute and they are stated thus in Jacobs v. Miller, 253 Iowa 213, 216, 111 N.W.2d 673, 675:

We have held chapter 473, Code of Iowa, 1958, *applicable* to cases where the railroad acquired the land by condemnation or by deed conveying only a right of way for railroad purposes, see Smith v. Hall, 103 Iowa 95, 72 N.W. 427; Atkin v. Westfall, 246 Iowa 822, 69 N.W.2d 523, and Keokuk County v. Reinier, 227 Iowa 499, 288 N.W. 676, and *inapplicable* to cases where the railroad acquired the right of way in fee simple, see Montgomery County v. Case, 212 Iowa 73, 232 N.W. 150; Des Moines City Ry. Co. v. City of Des Moines, 183 Iowa 1261, 159 N.W. 450, 165 N.W. 398, L.R.A.1918D, 839, and Watkins v. Iowa Cent. Ry. Co., 123 Iowa 390, 98 N.W. 910. See also Comment, 25 Iowa Law Review 685. (Italics added.)

The Newton & Northwestern Railroad did not condemn a right of way, nor

did Babcock's deed convey only a right of way for railroad purposes. The deed conveyed the "tract, piece or parcel of land." Under our statutes, the deed conveyed the tract in fee simple. Code 1973, §§ 557.2, 558.19; Code 1897, §§ 2913, 2958.

 Plaintiffs claim the deed conveyed only a right of way because the description was in terms of the center line of the railroad. But the court has held a similar description not to prevent conveyance of a fee. Watkins v. Iowa C. Ry., 123 Iowa 390, 98 N.W. 910. Plaintiffs also claim the release of damages in the deed cut down the fee to a right of way—the consideration of $2,200 provided by the railroad was for the purchase of the release as well as the parcel bought. But the original parties simply incorporated in the deed to the strip a release by Babcock of any damages from the presence of the railroad to the rest of the farm. The release did not change the granting clause of the deed from a conveyance of the tract to a conveyance of a right of way. Nor did the parties' knowledge that the tract was to be used for a railway alter the result. Ordinarily the parties know the tract will be used for a railway; for what other purpose would a railroad purchase a strip of land across a farm? The grant in the deed controls despite such knowledge. See Montgomery County v. Case, 212 Iowa 73 at 80, 232 N.W. 150 at 154.

Plaintiffs also liken the present deed to the one in Keokuk County v. Reinier, 227 Iowa 499, 288 N.W. 676. But there, "the strip of land was conveyed to the railroad company, *'to have and to hold* for all purposes incident and necessary to the construction and operation of a railroad and telegraph line or lines thereon.'" 227 Iowa at 503, 288 N.W. at 678. Babcock's deed contained no such clause. On the contrary, the habendum clause in the deed stated, "To have and to hold the premises above described, with the appurtenances unto the said Newton & Northwestern Railroad Company, and its assigns forever."

 Babcock's deed falls under the Watkins case and that line of decisions, and the reverter statute does not apply. The trial court held correctly that defendants own the strip of land.

Affirmed.