Carl S. JOHNSON, Plaintiff-Appellant,

v.

BURLINGTON NORTHERN, INC., Defendant-Appellee.

BURLINGTON NORTHERN, INC., Plaintiff in Counterclaim-Appellee,

v.

Carl S. JOHNSON et al., Defendants in Counterclaim-Appellants.

No. 2–63539.

Court of Appeals of Iowa.

March 31, 1980.

Application for Further Review Denied by Supreme Court May 30, 1980.

Robert F. Leonard of Leonard & Johnson, P.C., Sidney, for plaintiff-appellant.

Michael O. Johanns of Peterson, Bowman & Johanns, Lincoln, Neb., and Karen Cheyney, Glenwood, for defendant-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Plaintiff, Carl S. Johnson, appeals trial court order dismissing his petition for declaratory judgment that requested he be established owner of certain real property abandoned by defendant-railroad, Burlington Northern, Inc. He alleges trial court erred 1) in determining the original deed of conveyance granted the railroad a fee estate rather than an easement, 2) in finding section 327G.77, The Code 1977, attached a reversionary interest in the property, and 3) in finding section 614.24, The Code 1977, bars this action. We reverse.

On March 28, 1977, Carl S. Johnson filed his petition for declaratory judgment requesting title to a certain piece of property in Fremont County be quieted in his name and $5,000 damages. This tract, a strip surrounded by plaintiff's property, was conveyed August 5, 1879, by then-owners, Andrew and Judith Howard, to the Nebraska City, Sidney, and North Eastern Railway Company. In the deed, the Howards granted the property "for said railroad and for railroad purposes only, . . . to have and to hold the same to said company, their successors and assigns, forever." The prop-

erty subsequently was acquired by the Chicago, Burlington and Quincy Railroad Company which was corporate predecessor to defendant in this action, Burlington Northern, Inc. On December 4, 1972, the Interstate Commerce Commission ordered Burlington Northern, Inc., to abandon and remove its tracks from the property. This abandonment, which prompted plaintiff to file his petition, was completed during 1973.

Defendant answered plaintiff's petition claiming ownership of the property in fee simple and counterclaimed requesting title be quieted in its name. The case was submitted to trial court on March 8, 1979, on a motion to adjudicate law points and the parties' written stipulation to the facts.

In its order filed April 14, 1979, trial court found the original deed to the property was a warranty deed with a use restriction and that, by operation of section 327G.77, a reversionary interest was attached. Relying on *Chicago & Northwestern Railway v. City of Osage*, 176 N.W.2d 788 (Iowa 1970), trial court also determined plaintiff failed, as required by section 614.-24, to record a verified claim within the time limit prescribed by the statute to preserve the use restriction and failed to assert any claim arising out of the reversionary interest of section 327G.77. Trial court consequently ordered plaintiff's petition dismissed and quieted title in defendant.

**I. Construction of Deed.** Plaintiff alleges trial court erred in determining the estate granted defendant's predecessor was other than an easement for railroad purposes. We agree.

▇ In construing the deed in this case to determine the nature of the interest in the land transferred to defendant's predecessor, we consider the situation of the parties to the deed at the time it was made, the property which was the subject matter of their contract, and their intentions with regard to the property as displayed by the language of the entire deed. *Barlow v. Chicago, Rock Island & Pacific Railroad*, 29 Iowa 276, 279 (1870).

▇ Generally, a deed using broad language of conveyance creates a fee simple interest in the grantee railroad. *Turner v. Unknown Claimants of Land*, 207 N.W.2d 544, 545–46 (Iowa 1973). One utilizing broad language of conveyance, in combination with a limiting proviso containing " '[a] condition . . . by which the property is to revert to the grantor, upon an event which may or may never occur, gives rise to what the books call the "possibility of reverter" . . . .' " *Reichard v. Chicago, B. & Q. Railroad*, 231 Iowa 563, 570, 1 N.W.2d 721, 726 (1942) (quoting *Des Moines City Railway v. Des Moines*, 183 Iowa 1261, 1267, 159 N.W. 450, 453 (1918)). While the interest transferred is a fee interest, it is determinable upon occurrence of the event. *Id.* In *Reichard* and *Osage* both parties conceded the estate conveyed was a fee simple subject to defeasance.[1] Where, however, the deed limits conveyance to the railroad on the requirement the property be used for only those purposes incident to the construction and operation of the railroad, only an easement is granted to the grantee. *Keokuk County v. Reinier*, 227 Iowa 499, 503, 288 N.W. 676, 678 (1939). An easement is an advantage or privilege in land without profit existing distinct from ownership in the soil. *City of Dubuque v. Maloney*, 9 Iowa 450, 455 (1859).

---

1. The limiting proviso in *Osage* stated:

   It is a further condition of this donation that the deeds to said property so donated shall provide that said grounds shall be used for no other purposes than railway purposes, and in case the same or any part thereof shall ever be abandoned or no longer used for said purposes by said Company or its Assigns, the same shall revert to said City.

   176 N.W.2d at 789. The limiting clause in *Reichard* provided:

   Provided that in case the said Railroad Company do not construct their Road through said tract or shall, after construction, permanently abandon the Route through said tract of land, the same shall revert to and become the property of the grantors their heirs or assigns.

   231 Iowa at 566, 1 N.W.2d at 724.

■ Applying these principles to the facts before us, we initially find the deed grants the property to said railroad, its successors and assigns, forever. Nevertheless, the deed also states the property is granted "for said railroad and for railroad purposes only." Appellee attaches significance to the deletion of certain language from the deed at the time it was executed, specifically the words "right of way" at the top of the document and in the body of the deed itself. Appellant maintains the deed to which appellee refers was never in evidence and that Exhibit B, appearing on pages 84 through 86 of the appendix, was stipulated by the parties to be a "true and correct copy of the original deed transferring the property to the railroad." The latter document is entitled "Right of Way— Filed August 5th, 1879, at two o'clock P.M. [sic]" While resolution of this issue is not determinative, we note defendant's amended answer and counterclaim, filed October 30, 1978, states:

3. The defendant admits those allegations in paragraph three which state that the Nebraska City, Sidney, and North Eastern Railway Company acquired certain right-of-way property by warranty deed dated January 23, 1879, but the defendant affirmatively alleges that part of said right-of-way was sold to George Hiatt on June 19. [sic] 1917 . . . ..

Reading the deed in its entirety, we hold the language sufficiently limited the conveyance to an easement only. Our holding is consistent with *Atkin v. Westfall*, 246 Iowa 822, 69 N.W.2d 523 (1955), which limited a conveyance to an easement because of indications only a right-of-way was intended and limitations on usage of the land for railroad purposes only. *Id.* at 826, 69 N.W.2d at 525.

**II. Stale Uses and Reversions Statute.** Plaintiff argues trial court erred in applying the Iowa Stale Uses and Reversions Statute, section 614.24, The Code 1977,[2] to bar his claim. He also claims trial court erroneously relied on *Osage* in reaching this conclusion. Plaintiff's charges are well-founded.

■ In drafting section 614.24 it is clear the legislature never intended this statute be applicable to easement rights. *G. Madsen, Marshall's Iowa Title Opinion Standards* § 12.3(B) (2d ed. 1978). Nor can trial court's findings be supported by application of *Osage.* The claim in that case was based on a reversion upon termination of a determinable fee. 176 N.W.2d at 789. In the case at bar, no determinable fee was transferred, but rather an easement. Since no reversionary interest exists under these circumstances, this statute does not bar plaintiff's claim.

■ **III. Abandonment of Interest.** Plaintiff also urges trial court erred in finding section 327G.77, The Code 1977,[3] attached a reversionary interest to the conveyance to the railroad. Once again, plain-

2. Section 614.24, The Code 1977, states, in part:
No action based upon any claim arising or existing by reason of the provisions of any deed or conveyance or contract or will reserving or providing for any reversion, reverted interests or use restrictions in and to the land therein described shall be maintained either at law or in equity in any court to recover real estate in this state or to recover or establish any interest therein or claim thereto, legal or equitable, against the holder of the record title to such real estate in possession after twenty-one years from the recording of such deed of conveyance or contract or after twenty-one years from the admission of said will to probate unless the claimant shall . . . file a verified claim with the recorder of the county wherein said real estate is located within said twenty-one year period. In the event said deed was recorded or will was admitted to probate more than twenty years prior to July 4, 1965, then said claim may be filed on or before one year after July 4, 1965. . . .

3. Section 327G.77, The Code 1977, provides:
If a railway, or any part thereof, shall not be used or operated for a period of eight years, or if, its construction having been commenced, work on the same has ceased and has not been in good faith resumed for eight years, the right of way, including the roadbed, shall revert to the persons who, at the time of the reversion, are owners of the tract from which such right of way was taken.

tiff is correct in his assertions. Where land is held by the railroad for railroad purposes only, reversion or termination of the easement is automatic. 231 Iowa at 572–73, 1 N.W.2d at 728; *Chicago & Northwestern Railroad v. Sioux City Stockyards*, 176 Iowa 659, 668, 158 N.W. 769, 772 (1916). Since the railroad acquired the property by easement and the property was abandoned by ICC order of December 4, 1972, section 327G.77 does not apply to this case.

Judgment of trial court is reversed and this case is remanded to trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.