Merton V. HAWK, Appellee,

v.

Robert L. RICE, et al., Appellants.

No. 66644.

Supreme Court of Iowa.

Oct. 27, 1982.

William G. Wheatcraft, West Des Moines, for appellants.

Michael F. Mumma, Jefferson, for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

McCORMICK, Justice.

This case turns on whether a deed of right of way for a railroad conveyed a determinable fee or an easement. The railroad abandoned its trackage in 1976 and two years later quitclaimed its interest in the right of way to defendant Robert L. Rice. Plaintiff Merton V. Hawk, successor in interest to the original grantor, brought this action to quiet title to the land. The trial court held that the original grant was of a mere easement which reverted to Hawk when the trackage was abandoned, and the court therefore quieted title in him. Upon Rice's appeal the court of appeals reversed, holding that the deed conveyed a determinable fee that did not revert because the possibility of reverter was not preserved in accordance with the stale uses and reversions statute, Iowa Code section 614.24 (1975). We vacate the decision of the court of appeals and affirm the trial court.

The original conveyance was by railroad form deed, dated April 21, 1880. A strip of land fifty feet on each side of the centerline of the railroad tracks, consisting of approximately six acres, was described. Consideration of one hundred dollars was recited.

The granting clause provided that the grantor did

> grant, sell and convey to the said Toledo and Northwestern Railway, its successors and assigns, for the purpose of constructing a Railroad thereon, and for all uses and purposes connected with the construction and use of said Railroad, the right of way for the said Railroad over and through the [described tract]. . . .

In its habendum clause, the deed recited that the railroad was

> To Have, Hold and Enjoy The land above described, with the appurtenances, unto the said Toledo and Northwestern Railway, and its assigns forever, for any and all uses and purposes in any way connected with the construction, preservation, occupation and enjoyment of the said Railroad. *Provided, however,* that if the said Railroad shall not be constructed over and through the said premises before June 1st 1882 or if said Toledo and Northwestern Railway, or its assigns, shall at any time hereafter cease permanently to use said Road so to be constructed, and the same shall be abandoned, or the route thereof changed, so as not to be continued over the said premises, then and in that case said land hereby granted shall revert to the said grantor his heirs or assigns.

Hawk contends the deed conveyed an easement, and Rice contends it conveyed a determinable fee.

An easement is a liberty, privilege or advantage in land without profit, existing distinct from ownership. *Hadsall v. West,* 246 Iowa 606, 610, 67 N.W.2d 516, 518 (1955). In contrast, a determinable fee is an estate in fee simple that will expire and revert to the grantor upon the happening of some specified possible future event or contingency. *Reichard v. Chicago, Burlington*

& Quincy Railroad, 231 Iowa 563, 569, 1 N.W.2d 721, 726 (1942).

Every conveyance of real estate passes all of the grantor's interest unless a contrary intent reasonably can be inferred from the language used. Iowa Code § 557.3 (1981). The grantor's intent is controlling, and it is ascertained by applying general contract principles. See Flynn v. Michigan-Wisconsin Pipeline Co., 161 N.W.2d 56, 64–65 (Iowa 1968).

The granting clause expressly described the conveyance in this case as a right of way for construction and operation of a railroad. The habendum clause added that the railroad was to have, hold and enjoy it "for any and all uses and purposes in any way connected with the construction, preservation, occupation and enjoyment" of the railroad. Similar language has been held in a long line of cases to convey an easement only. See Atkin v. Westfall, 246 Iowa 822, 826, 69 N.W.2d 523, 525 (1955) ("To have, hold and enjoy . . . for any and all uses and purposes . . . connected with the construction [and] operation . . . of the said Railway"—conveyed only an easement); Brugman v. Bloomer, 234 Iowa 813, 816, 13 N.W.2d 313, 314 (1944) (language almost identical to that in the present case conveyed only an easement subject to statutory reverter upon abandonment); Keokuk County v. Reinier, 227 Iowa 499, 503, 288 N.W. 676, 678 (1939) (similar language in habendum clause—deed conveyed only a right of way subject to statutory reverter); Beyer v. Chicago, Rock Island & Pacific Railway, 186 Iowa 1133, 1139, 169 N.W. 651, 653 (1919) (similar habendum clause—legal effect was to convey an easement); Chicago & Northwestern Railway v. Sioux City Stockyards Co., 176 Iowa 659, 668, 158 N.W. 769, 772 (1916) ("[A] grant or gift of ground for right of way is presumed to be of an easement therein only."); Brown v. Young, 69 Iowa 625, 626, 29 N.W. 941 (1886) (right of way conveyed—"A mere right of way over land is, we believe, always regarded as an easement."); Barlow v. Chicago, Rock Island & Pacific Railway, 29 Iowa 276, 279 (1870) (conveyance "for the construction of the second division of said railroad" was conveyance of right of way only); see also Haack v. Burlington Northern, Inc., 309 N.W.2d 147, 150 (Iowa Ct.App.1981) (conveyance "for said railroad and for railroad purposes only" was of easement only); Johnson v. Burlington Northern, Inc., 294 N.W.2d 63, 66 (Iowa Ct.App.1980) (same).

The court of appeals relied principally on Reichard v. Chicago, Burlington & Quincy Railroad, 231 Iowa 563, 1 N.W.2d 721 (1942), for a contrary result. That case is distinguishable, however, on two bases. First, the parties in Reichard agreed the conveyance was of a determinable fee so the nature of the conveyance was not an issue in the case. Second, unlike the deed in the present case and other easement cases, the Reichard deed did not contain language characterizing the conveyance as one of right of way, or for construction and operation of a railroad or for railroad purposes. Although the deed did describe the conveyance as "for Depot Grounds," the reversionary clause was based solely on failure to construct the railroad line, or after construction, permanent abandonment of the route. Thus it would not be unreasonable to conclude that the deed conveyed a fee interest in the railroad route, subject to the possibility of reverter. A similarity between Reichard and the present case is that the deed in this case also contained a reversionary clause. This, however, has nothing to do in either case with defining the interest that is subject to reverter.

The present case is also distinguishable from four other cases in which an interest conveyed to a railroad has been called either a determinable fee or a fee on a condition subsequent. See Chicago & Northwestern Railway v. Osage, 176 N.W.2d 788 (Iowa 1970); Jacobs v. Miller, 253 Iowa 213, 111 N.W.2d 673 (1961); Connolly v. Des Moines & Central Iowa Railway, 246 Iowa 874, 68 N.W.2d 320 (1955); Des Moines City Railway v. Des Moines, 183 Iowa 1261, 159 N.W. 450 (1916). No limitation on the conveyance in these cases was identified as being contained in either the granting clause or habendum clause. Each appears

to have concerned a limitation either in a separate instrument or reversionary clause. None involved an easement issue.

Rice contends the consideration in the present case was close to the market value of the land, making it unlikely the grantor intended to convey only an easement. He also contends the fact the grantor's wife released her dower rights in the interest conveyed indicates an interest greater than an easement was involved. It would not be unusual, however, for an easement for a railroad right of way to be priced at close to market value. The interest conveyed was substantial and possibly permanent. Nor would it be unusual for a prudent grantee to require dower rights to be released. *See Chicago & South-western Railway v. Swinney,* 38 Iowa 182 (1874). These circumstances do not alter our conclusion, based on the language of the deed, that only an easement was conveyed.

■ Because the deed conveyed only an "affirmative" easement, the stale uses and reversions statute, section 614.24, is inapplicable. *See Amana Society v. Colony Inn, Inc.,* 315 N.W.2d 101, 110 (Iowa 1982). We have no occasion in this case to consider the 1980 amendment to the statute, exempting reversions of railroad property caused by abandonment after July 1, 1980, from its terms. *See* 1980 Iowa Acts ch. 1115, § 6.

We vacate the decision of the court of appeals and affirm the quiet title decree of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT DECREE AFFIRMED.