Robert M. MONTZ and Shirley F. Montz, Appellees,

v.

HILL–MONT LAND COMPANY and Central Iowa Railway and Development Co., Appellants.

No. 67848.

Supreme Court of Iowa.

Feb. 16, 1983.

Robert N. Downer and Thomas D. Hobart of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellants.

Stephen C. Gerard and Dan F. Morrison of Gerard & Morrison, Sigourney, for appellees.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McGIVERIN, Justice.

Defendants Hill-Mont Land Co. and Central Iowa Railway and Development Co., aggrieved by an interlocutory ruling on plaintiffs' application to adjudicate law points, Iowa R.Civ.P. 105, sought and were granted this appeal in advance of final judgment. Iowa R.App.P. 2. The appeal turns on the propriety of the trial court's ruling that, as a matter of law, plaintiffs' predecessors in title conveyed to defendants' predecessors an interest in land for a railroad right of way which was an easement rather than a determinable fee. We conclude that it was inappropriate under this record for the court to construe this conveyance instrument by a ruling on an application for adjudication of law points. Accordingly, we reverse the trial court's ruling and remand for further proceedings.

An application for separate adjudication of law points is properly considered only when the questions of law arise from uncontroverted pleadings. The application is inappropriate when material facts are disputed. *M & W Farm Service Co. v. Callison*, 285 N.W.2d 271, 274 (Iowa 1979). If the pleadings reveal fact issues with respect to the law points, disposition under rule 105 is inappropriate unless the parties stipulate the facts. *Andersen Construction*

*Co. of Council Bluffs v. National Bank of Des Moines,* 262 N.W.2d 563, 564–65 (Iowa 1978).

The relevant pleadings in the present case consist of a petition and answer; the parties did not enter into a stipulation of facts. From the face of these pleadings we can glean allegations but few uncontroverted facts.

Plaintiffs Robert and Shirley Montz claim that they are owners of land in Keokuk County, Iowa, across which runs an allegedly abandoned railroad right of way. They request a declaratory judgment that the right of way, which was conveyed in a document labeled "Warranty Deed" in 1879 by their predecessors in title, was an easement which reverted to plaintiffs by reason of abandonment. Defendants in their answer deny plaintiffs' ownership of the land and the alleged conveyance, including plaintiffs' contention that it granted only an easement.

Under rule 105, plaintiffs requested the trial court to construe the grant of the alleged right of way as conveying an easement. The court so ruled, leaving only the issue of abandonment of the tracks for trial. Had the parties stipulated to the necessary facts, a ruling would have been appropriate. *See Johnson v. Burlington Northern, Inc.,* 294 N.W.2d 63 (Iowa Ct.App.1980). However, as the operative facts were not stipulated, the deed cannot be construed without the opportunity for admission of additional evidence to establish material facts.

 A deed conveying an interest in real property ordinarily cannot be construed by considering the language of the deed in a vacuum. Our most recent case concerning the construction of a deed of right of way for a railroad, *Hawk v. Rice,* 325 N.W.2d 97, 99 (Iowa 1982), stated that "the grantor's intent is controlling, and it is ascertained by applying general contract principles." *See also Johnson,* 294 N.W.2d at 65 (among the factors considered are "the situation of the parties to the deed at the time it was made, the property which was the subject matter of their contract, and their intentions with regard to the property as displayed by the language of the entire deed"). Consequently, in order to ascertain the grantors' intent and the effect the conveyance was to have, evidence in support of the parties' allegations is not only material but may be vital. In any event, a party should have an opportunity to present such evidence upon timely request.

The court was not in a position to rule on the law points raised by plaintiffs, considering the state of the pleadings and the factual record, or lack thereof. This contention by defendants was brought to the court's attention in a trial brief before ruling. Either the language of the deed was considered in a vacuum, or material facts were assumed without benefit of evidence. The former ignores the usual rules of construction of deeds, and the latter is contrary to the basic principle of rule 105.

We thus conclude that the present case was not an appropriate one for a rule 105 disposition. The deed can be construed only after the opportunity for presentation of evidence has been given. Therefore, we do not reach the issue of whether the deed of right of way conveyed a determinable fee or an easement.

This case is reversed and remanded to the district court for further appropriate proceedings.

REVERSED AND REMANDED.