**STATE of Iowa, ex rel., Thomas J. MILLER, Attorney General of Iowa, Appellant,**

v.

**HYDRO MAG, LTD., and Donald Van Gorp, Appellees.**

No. 84–1471.

Supreme Court of Iowa.

Jan. 15, 1986.

Thomas J. Miller, Atty. Gen., James M. Peters and Susan Brammer, Asst. Attys. Gen., for appellant.

Bert A. Bandstra, Knoxville, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN and SCHULTZ, JJ.

SCHULTZ, Justice.

In this consumer fraud action, the State sought and was granted an interlocutory appeal from the district court ruling on its application for adjudication of law points. In its ruling the district court outlined the elements of proof required for an injunction and also for restoration of money pursuant to Iowa Code section 714.16.[1] We conclude that it was inappropriate for the court to rule on this matter in an application for adjudication of law points. The district court should have overruled the

---

1. Although section 714.16, entitled "Consumer Frauds," is located in that portion of the Code allocated to criminal law, this section was not enacted as a part of the criminal code and was transferred there from Iowa Code section 713.24 (1977).

motion. We therefore reverse and remand for further proceedings.

On April 26, 1983, the attorney general filed this equity action on behalf of the State against Hydro Mag, Ltd., and its incorporator and president, Donald Van Gorp. The petition alleged defendants made and sold a water treatment device called the Hydro Mag. Further, the State asserted that defendants . made certain false or unsubstantiated claims about the performance of the Hydro Mag. Specifically, the State alleged that these claims, made in the promotion and sale of the Hydro Mag, involved the use of "deception, fraud, false promise, misrepresentation or omission of a material fact that is unlawful" under Iowa Code 714.16(2)(a).[2] Defendants denied these claims in their answer.

After defendants had filed their answer, the State, pursuant to Iowa Rule of Civil Procedure 105, filed an application for adjudication of law points. The State requested a ruling outlining the elements that must be established to prove a violation of section 714.16(2)(a). Specifically, the State requested a determination of whether it must prove all elements of common law fraud to establish a violation of subsection (2)(a). Defendants did not resist the application; however, they challenged the State's interpretation of subsection (2)(a).

■■■ Generally, an application for separate adjudication of law points is only considered when the questions of law arise from uncontroverted pleadings. *Warden Plaza v. Board of Review*, 379 N.W.2d 362, 367 (Iowa 1985); *Olds v. Olds*, 356 N.W.2d 571, 572 (Iowa 1984); *Montz v. Hill-Mont Land Co.*, 329 N.W.2d 657, 657 (Iowa 1983). If the pleadings reveal fact issues with respect to the law points, disposition under rule 105 is generally inappropriate unless the parties stipulate the facts.

*Montz*, 329 N.W.2d at 657; *Andersen Construction Co. v. National Bank of Des Moines*, 262 N.W.2d 563, 564–65 (Iowa 1978). No facts, other than stipulated facts, which are established outside the pleadings may be examined and no evidence may be taken to either support or resist the application. *M & W Farm Service Co. v. Callison*, 285 N.W.2d 271, 274 (Iowa 1979); *IMT Insurance Co. v. Myer*, 283 N.W.2d 316, 318 (Iowa 1979). We will not assume or speculate on controverted facts, this being contrary to a rule 105 ruling. *See Andersen Construction Co.*, 262 N.W.2d at 566.

■■■ We have, however, adjudicated purely legal issues under a rule 105 application when the facts were controverted or disputed. In *State v. Wilt*, 333 N.W.2d 457, 460–61 (Iowa 1983), we held that a trial court may properly adjudicate law points to determine whether an exception to a criminal statute is an element of the crime or an affirmative defense. Additionally, in *Wardlow v. City of Keokuk*, 190 N.W.2d 439, 441 (Iowa 1971), we allowed a rule 105 adjudication for the proper elements for a claim of damages. But we still decline to adjudicate a rule 105 application that requires a court answer speculative and abstract legal questions which may become moot by the time the facts are finally determined. *State v. Marti*, 290 N.W.2d 570, 580 (Iowa 1980); *State v. Iowa District Court*, 271 N.W.2d 704, 706 (Iowa 1978). Therefore, we will adjudicate a rule 105 application, despite the existence of controverted pleadings or unstipulated facts, *only* when the trial court is presented a legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part.

---

**2.** Iowa Code section 714.16(2)(a) specifically states:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

In this case, material facts with respect to the law points were disputed in the pleadings. In their answer, the defendants denied all the State's claims. The parties did not stipulate facts to be presented to the trial court for its rule 105 ruling. Additionally, a ruling favorable to the State will not necessarily be dispositive of the case in whole or in part. Under the authority we have noted, we thus conclude that this case was not an appropriate one for a rule 105 disposition.

This case is reversed and remanded to the district court for further, proceedings.

REVERSED AND REMANDED.