Jerry **LOWERS**, Donna Lowers, Donald Jensen, Marcella Jensen, Darell Kilworth, Viola Kilworth, Gene Leslie, and Martha Leslie, For Themselves and All Others Similarly Situated, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. 02–0294.

Supreme Court of Iowa.

June 11, 2003.

Cecilia Fex and Nels Ackerson, The Ackerson Group, Chartered, Washington, D.C., and Kevin M. Reynolds of Whitfield & Eddy, P.L.C., Des Moines, for plaintiffs.

David W. Spohr, William B. Lazarus, and Elizabeth Ann Peterson, Washington, D.C., and Thomas L. Sansonetti, Assistant United States Attorney General, and Gary L. Hayward, Assistant United States Attorney, for defendant.

Christina L. Gruenhagen, West Des Moines, for amicus curiae Iowa Farm Bureau Federation.

A.W. Tauke of Porter, Tauke & Ebke, Council Bluffs, Andrea C. Ferster, Washington, D.C., and Danaya Wright, University of Florida College of Law, Gainesville, FL, for amici curiae Rails to Trails Conservancy and Iowa Nature Heritage Foundation, Inc.

David T.M. Powell of Lathrop & Gage, L.C., Kansas City, MO, and Thomas M. Cunningham of Pingel & Templer, P.C., West Des Moines, for amici curiae Burlington Northern and Santa Fe Railway Company and Union Pacific Railroad Company.

CARTER, Justice.

The United States District Court for the Southern District of Iowa has certified four questions of law to be answered by this court as provided in Iowa Code sections 684A.1 and 684A.3 (2001) and Iowa Rule of Appellate Procedure 6.451. These questions involve the application of Iowa law in a pending federal class action in which the claimants assert a right to compensation for the taking of their property interests. All of the certified questions relate to the interests existing under a deed the language of which is included in the federal court's certified question order.

The four certified questions are as follows:

(1) Is the deed cited above [in the federal court's certified question order] a defeasible fee or an easement?

(2) Did the Stale Uses and Reversions Act (SURA), Iowa Code § 614.24, operate to vest fee simple absolute ownership to the railroad company in 1966?

(3) What effect does the 1980 amendment to SURA have on this case in light of the fact that abandonment is not alleged to have occurred until 1995, and the action was not commenced until 1998?

(4) What effect does the holding in *Frideres v. Schiltz,* 540 N.W.2d 261 (Iowa 1995), have on this case?

In answering the questions submitted, we conclude that the property interest conveyed to the railroad company by the deed set forth in the certified question order was a defeasible fee. The holders of the reversionary interests created by that deed were forever precluded from asserting those interests in 1966 as a result of the Stale Uses and Reversions Act (SURA), Iowa Code § 614.24. Under Iowa law, the legal effect of that bar was to extinguish the inchoate property interests barred under SURA and vest fee simple absolute ownership in the railroad company in 1966. The 1980 amendment to SURA did not operate to revive the reversionary interests, which were extinguished by SURA in 1966. This court's holding in *Frideres v. Schiltz,* 540 N.W.2d 261 (Iowa 1995), is consistent with and reinforces our conclusion that the 1980 amendment did not operate to revive those reversionary interests. We separately analyze the legal issues presented by each of the certified questions.

## I. *Whether the Deed Created a Defeasible Fee or an Easement.*

■ The factual foundation for the first certified question is a deed, recorded more than twenty years prior to July 4, 1965, which contained the following language:

### Rt. of Way Deed

[The grantors] grant and convey unto said Railroad Company, the following piece or tract of land in Cass County, in the State of Iowa, and particularly described as follows to wit: [section coordinates] One hundred feet in width, having fifty feet on each side of the center line of line of the Road of said Company, as located by the engineer of said Railroad Company for the construction of said Railroad in said Cass County; To Have and Hold the same unto said Railroad Company forever; Provided that in case said Railroad Company does not construct their road through said tract, or shall, after construction, permanently abandon the route through said tract of land the same shall revert to, and become the property of the grantors, their heirs or assigns. And the said [grantor] hereby relinquishes her right of dower in the tract herein conveyed.

The federal class-action plaintiffs urge that the deed only granted an easement to the railroad company. They base that conclusion on cases such as *Atkin v. Westfall,* 246 Iowa 822, 826, 69 N.W.2d 523, 525 (1955), and *Keokuk County v. Reinier,* 227 Iowa 499, 503, 288 N.W. 676, 678 (1939), in which this court concluded that a deed which specifies that the conveyance is for uses connected with construction and operation of a railroad conveys an easement rather than a fee. We are inclined to re-examine the logic underlying those conclusions. Determining the nature of the interest conveyed by reference to the intended use by the grantee seems frivolous in matters involving narrow tracts of land acquired by railroad companies. There is but one single reason for all such conveyances irrespective of whether the deed

conveys a fee or an easement. As we stated in *Turner v. Unknown Claimants of Land,* 207 N.W.2d 544, 546 (Iowa 1973), "[o]rdinarily the parties know the tract will be used for a railway; for what other purpose would a railroad purchase a strip of land across a farm."

We are satisfied that the reference in the deed to the use of the property for railroad purposes does not diminish the conveyance of all right, title, and interest of the grantor. *See* Iowa Code § 557.3 (conveyance passes all of the grantor's interests unless a contrary intent may be inferred from language used). Nor does the fact that the deed bore a caption or title indicating "Rt. of Way Deed" serve to limit the interest conveyed in the body of the deed. *See Robert's River Rides, Inc. v. Steamboat Dev. Corp.,* 520 N.W.2d 294, 300 (Iowa 1994) (instrument denominated as "lease" in title construed to be mere license).

The federal class-action plaintiffs also rely on a line of cases that hold that a conveyance for right of way is presumed to grant only an easement. These cases include *Brugman v. Bloomer,* 234 Iowa 813, 816, 13 N.W.2d 313, 314 (1944); *Chicago & Northwestern Railway v. Sioux City Stockyards Co.,* 176 Iowa 659, 668, 158 N.W. 769, 772 (1916); and *Brown v. Young,* 69 Iowa 625, 626, 29 N.W. 941, 941 (1886). To prevail under that line of cases, however, there must be some reference to right-of-way in the language defining the interest being conveyed.

In *McKinley v. Waterloo Railroad,* 368 N.W.2d 131 (1985), we concluded that, because the deed in that case made no reference to right-of-way in either the granting clause or the *habendum* clause, it conveyed a fee interest subject to an executory limitation. *McKinley,* 368 N.W.2d at 138. We described a similar situation as follows in *Des Moines City Railway v. City of Des Moines,* 183 Iowa 1261, 159 N.W. 450 (1916):

> The conveyances under which [the railway company] occupies and exercises dominion over the 20–foot strip do not limit their legal effect to a right of way only. No mention of a right of way, either in terms or by words of necessarily equivalent meaning, is to be found in any of the deeds. In each, the owners of the tract convey, sell and quitclaim to the grantee all their right, title, and interest in the *land,* and not merely in the right of way.... This is none the less true because each deed embodied a statement that the land is to be used for the construction and operation of a street railway, and provides that if, in the future, it shall be abandoned for that purpose, it shall revert to the grantor.... [I]t remains true that an estate so conveyed is, nevertheless, a fee; and the grantee thereof is the owner, so long as the estate continues, and until the reverter takes place.

*Des Moines City Ry.,* 183 Iowa at 1266–67, 159 N.W. at 452–53.

Our examination of the granting clause in the deed involved in the present case discloses that it grants a specified tract of land without limitation or qualification. The language in the granting clause, which states "as located by the engineer of said Railroad Company for the construction of said Railroad," does not limit the property conveyed but merely incorporates by reference the engineer's construction notes as a means of describing the property conveyed. Nor does the *habendum* clause state any limitation on the interest conveyed. It provides that the railroad company shall "Have and Hold the same ... forever." We are convinced that the deed conveyed a defeasible fee to the railroad company.

## II. Whether the Stale Uses and Reversions Act Operated to Vest Fee Simple Absolute Ownership in the Railroad in 1966.

■ As pertaining the second certified question, Iowa Code § 614.24, as existing on July 4, 1966, provided in relevant part:

No action based upon any claim arising or existing by reason of the provisions of any deed or conveyance ... providing for any reversion, reverted interests or use restrictions in and to the land therein described shall be maintained either at law or in equity in any court to recover real estate in this state or to recover or establish any interest therein or claim thereto, legal or equitable, against the holder of the record title to such real estate in possession after twenty-one years from the recording of such deed of conveyance ... unless the claimant shall, by himself, or by his attorney or agent, ... file a verified claim with the recorder of the county wherein said real estate is located within said twenty-one year period. In the event said deed was recorded ... more than twenty years prior to July 4, 1965, then said claim may be filed on or before one year after July 4, 1965 ....

We have previously considered the effect of this statute on reversionary interests contained in deeds conditioned on a continuing use for railway purposes. We have held in such cases that such reversionary interests created by deeds that were recorded more than twenty years prior to July 4, 1966, were extinguished if not asserted by verified claims filed with the county recorder on or before July 4, 1966. *McKinley,* 368 N.W.2d at 138; *Chicago & N.W. Ry. v. City of Osage,* 176 N.W.2d 788, 791–92 (Iowa 1970). The deed at issue in the present case was recorded more than twenty years prior to

July 4, 1965. Consequently, because the holders of the reversionary interests on which plaintiffs' federal class action is based have failed to file the necessary verified claims within the time provided by section 614.24, those reversionary interests are barred from being asserted. Under Iowa law, the bar to asserting such reversionary interests is synonymous with the extinguishment of the inchoate property interests, which may no longer be asserted. *McKinley,* 368 N.W.2d at 138; *City of Osage,* 176 N.W.2d at 793. Consequently, the answer to the second certified question is yes. Section 614.24 operated to vest fee simple absolute ownership in the railroad company in 1966.

## III. The Effect of the 1980 Amendment to SURA.

The federal class-action plaintiffs assert that, even though the provisions of section 614.24 in existence on July 4, 1966, would bar their reversionary interests from now being asserted, that circumstance was changed retroactively by a 1980 amendment to that statute. The language of that amendment was as follows:

The provisions of this section [§ 614.24] requiring the filing of a verified claim shall not apply to the reversion of railroad property if the reversion is caused by the property being abandoned for railway purposes and the abandonment occurs after [July 1, 1980]. The holder of such a reversionary interest may bring an action based upon the interest regardless of whether a verified claim has been filed under this section at any time after July 4, 1965.

1980 Iowa Acts ch. 1115, § 6. The class-action plaintiffs assert that this amendment abrogated the application of section 614.24 with regard to reversionary interests in railroad property triggered by railroad abandonments occurring after July 1, 1980. In the pending federal class-action

litigation, it is alleged that the abandonment occurred in 1995.

We believe that it was the intent of this legislation that persons holding reversionary interests in railway property that were not barred on the date the amendment became effective were no longer required to file a verified claim with the county recorder in order to thereafter assert their interest in a legal action. It was not intended to revive property interests previously extinguished by SURA prior to the effective date of the amendment.

To interpret the 1980 amendment as reviving inchoate property interests that had been extinguished under the 1965 version of section 614.24 would have the disquieting effect of disturbing real estate ownership established more than thirty years ago. It was clearly the intent of the 1965 legislation to include interests of the type involved in the present case when the law was enacted in 1965. *See City of Osage,* 176 N.W.2d at 791–92. For the reasons that we identified in our answer to the second certified question, the effect of the 1965 legislation was to extinguish the inchoate property interests now sought to be asserted by the federal class-action plaintiffs.

Our interpretation of the 1980 amendment to section 614.24 is consistent with our decisions in *Frideres,* 540 N.W.2d at 267 (Iowa 1995); *In re Estate of Weidman,* 476 N.W.2d 357, 364 (Iowa 1991); and *Secrest v. Galloway Co.,* 239 Iowa 168, 172, 30 N.W.2d 793, 796 (1948). Typical of our holdings in those cases is the following statement from the *Weidman* case:

> A general rule with respect to statutes of limitations is that the period of limitation in effect at the time suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation. . . . *However, another general rule . . . is that if plaintiff's suit was barred by the running of the statute of limitations prior to the extension of the limitation period, the subsequent statute cannot revive defendant's liability.*

*Weidman,* 476 N.W.2d at 363–64 (emphasis added). The answer to the third certified question is that the 1980 amendment to SURA did not operate to revive the reversionary interests at issue here.

**IV.** *What Effect Does the Holding in Frideres v. Schiltz Have on the Pending Federal Class Litigation?*

In response to the federal court's inquiry concerning the effect of *Frideres v. Schiltz,* 540 N.W.2d 261 (Iowa 1995), on the pending federal litigation, we conclude that the holding of that case is consistent with and supports the conclusion we have reached in answering the third certified question.

A copy of this opinion under seal of the court shall be transmitted to the certifying federal court. *See* Iowa Code § 684A.7.

**CERTIFIED QUESTIONS ANSWERED.**